THE STATE OF MISSOURI, Respondent, *v.* PETER BARADA, Appellant.

· 1. *Justices' courts — Misdemeanors — Appeals -- Discharge of defendant.*—
Where appeal is taken from the judgment of a justice of the peace in
St. Louis, on the ground that the case involves a higher grade of misde-
meanor than is triable before a justice, the Circuit Court has no right to
discharge the defendant. But the case must proceed in some way, either on
a new information to be filed, or on the original information made before the
justice. If the original information were sufficient, there would be no
necessity for filing any other.

*Appeal from St. Louis Court of Criminal Correction.*

*Childress*, for appellant.

*Hogan*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

This was a prosecution commenced before a justice of the
peace in the city of St. Louis, for a breach of the peace, which
resulted in a verdict and judgment against the defendant, from
which he took an appeal to the St. Louis Court of Criminal Cor-
rection, where a judgment was again rendered against him, and
he has brought the case here by appeal.

The defendant, both before the justice and in the Court of
Criminal Correction, filed motions to dismiss the prosecution,
upon the alleged ground that the case was for a higher grade of
misdemeanor than was triable before a justice of the peace. If
such, however, had been the case, the prosecution could not for
that reason be dismissed.

On a trial before a justice of the peace for a breach of the
peace, if the facts disclose a case not cognizable before the jus-
tice, it becomes his duty to discharge the jury and to send the
case to the court having criminal jurisdiction in his county. If
he fails to do this, and goes on to try the case, and there be a.
verdict and judgment against the defendant, he may appeal.
Such appeals, outside of St. Louis, are taken generally to the
Circuit Court, and all such misdemeanors are indictable. And

so, if it should appear in the Circuit Court on the trial of such appeal that the offense was indictable, the court would not dismiss the prosecution, but discharge the jury, and send the case before the grand jury. In St. Louis such misdemeanors are not indictable, but are tried on information before the Court of Criminal Correction. Then what is the duty of that court in appeals like this, when the facts disclosed may show a misdemeanor above the jurisdiction of the justice?

It has no right to discharge the defendant. The case must proceed in some way, either on a new information to be filed, or on the original information made before the justice. If the original information is sufficient, there would be no necessity for any other to be filed. In my judgment, the information in this case, though informal, was sufficient, and I can see no good reason for disturbing the judgment. Let it be affirmed. The other judges concur.