-----o-----

STATE OF MISSOURI Respondent, *vs.* WILHELMINE SCHUERMANN,
Appellant.

1. *Practice, criminal—Court of Criminal Correction of St. Louis County—Jus-
tices of the Peace—Disturbing the peace.*—A. was prosecuted before a Justice
of the Peace in St. Louis County, for disturbing the peace of a neighborhood,
was convicted, and appealed to the Court of Criminal Correction ; *Held*, though
the Justice had jurisdiction to commit for trial before said Court, but not to

try, yet said court should try the case on the information filed before the Justice, or on a new one, disregarding the former trial.  [State vs. Barada, 49 Mo., 504, affirmed.]

*Appeal from St. Louis Court of Criminal Correction.*

*E. Peacock*, for Appellant.

*M. W. Hogan, and Francis Garvey*, for Respondent, cite : State vs. Barada, 49 Mo., 504.

ADAMS, Judge, delivered the opinion of the court.

This was a prosecution commenced before a Justice of the Peace against the defendant, for disturbing the prosecutor's family and neighborhood.  The defendant was tried and convicted before the Justice, and took an appeal to the St. Louis Court of Criminal Correction, where the defendant was again tried on the original information and convicted.

He then moved for a new trial and in arrest upon the ground that the Justice of the Peace had no jurisdiction.  These motions were overruled and the defendant has appealed to this court.

It may be conceded that the Justice of the Peace had no jurisdiction to try the defendant for the alleged offense.  But he certainly had jurisdiction to commit him for trial by the Court of Criminal Correction, and it was his duty to have pursued this course and not to dismiss the prosecution.  As he did not commit him but proceeded to try the case, and as the defendant appealed the case to the Court of Criminal Correction, it became the duty of that court to disregard the trial before the Justice, and to try the defendant on the information taken before the Justice, or on a new information to be filed by the prosecutor, or the prosecuting attorney.  This point was ruled by this court in the State vs. Barada, 49 Mo., 504, and we are satisfied with that decision.

Let the judgment be affirmed.  The other Judges concur.