JUSTINA PATZACK ET AL., Respondents, v. JACOB VON GERICHTEN ET AL., Appellants.

June 7, 1881.

1. Where a justice, who has jurisdiction only to commit, inflicts a penal sentence for an offence, he is liable as a wrong-doer.

2. That the justice had jurisdiction over the subject-matter of the complaint for another purpose, is of no avail in an action against him for such excess.

3. A warrant issued on such a sentence will not protect the officer who makes the arrest, nor the jailor who imprisons thereunder.

4. In such a case, good faith and honesty of purpose may be shown in mitigation of damages, but are no justification.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*
LEVERETT BELL and G. E. BIGOT, for the appellants.
F. & E. L. GOTTSCHALK, for the respondents.

BAKEWELL, J., delivered the opinion of the court.

This is an action for damages for false imprisonment. The statement is agreed upon, and is as follows: On October 31, 1879, one of the defendants, George Heitz, Jr., made an affidavit before another of the defendants, Von Gerichten, a justice of the peace, to the effect that plaintiff, Mrs. Justina Patzack, did, on October 28th, at St. Louis, disturb the peace of affiant and his family, and of the neighborhood, by loud and unusual noises, and by vulgar and indecent language, and by threatening, quarrelling, and challenging affiant and his family, without just cause or provocation. Thereupon a warrant was issued by the justice, Von Gerichten, directed to any constable of the city, commanding that Mrs. Patzack be arrested and brought before him. The warrant was executed November 1, 1879, by defendant Decker, a constable. Mrs. Patzack gave bond for her appearance. On trial of the cause before the justice, Von Gerichten, defendant was found guilty of the offence charged, and a fine imposed of $1 and costs. On this judgment a warrant was issued in the name of the State, signed by the justice, directed to any constable of St. Louis, reciting that the State obtained judgment before Justice Von Gerichten against Mrs. Patzack, for $1 for her fine and $20.50 for costs, and commanding the constable to levy the same of her goods; and for want of sufficient

property, to take Mrs. Patzack and convey her to the common jail, and deliver her to the sheriff or keeper thereof, who is required by the writ to secure and safely keep her until debt, damages, and costs are paid, or she be otherwise discharged according to law. Constable Decker executed this warrant, and delivered Mrs. Patzack to defendant Ryan, the jailor of the city of St. Louis. She remained in custody for twenty-four hours, when she was released upon payment of $10.

The court gave the following instructions at the instance of plaintiff: —

1. " If the jury find from the evidence that Justina Patzack was and is the wife of Adolph Patzack, and was, on or about November 13, 1879, imprisoned in the common jail of the city of St. Louis, without her consent, and kept there against her will for about twenty-four hours, then all those defendants aiding or assisting in imprisoning her are liable in damages to plaintiffs herein, and the complaint, warrant, or commitment herein read to the jury are no justification for any one of said defendants."

2. " If the jury find for plaintiff they will assess her damages at such sum as will compensate her for the injury sustained by her; and they may take into consideration, for the purpose of fixing such amount, the suffering in mind, anxiety, and humiliation necessarily incident to the said imprisonment."

The court gave the following instruction at the instance of defendants: —

" If the jury believe from the evidence that defendant Von Gerichten was a justice of the peace, that defendant Decker was a constable, that defendant Ryan was the jailor, and that the only connection had by these defendants with the matters charged in the petition grew out of the official positions so held by them as aforesaid, and that in all that was done by them in the premises, they acted under the process read in evidence, in good faith, and without malice or any

intention or desire to injure the plaintiff, the jury should take these facts into consideration in determining their verdict.''

And against the objections of the other defendants, the court instructed that there could be no recovery against defendant Heitz.

The court refused instructions directing the jury to find for defendant Decker, and for defendant Von Gerichten, and that the finding against Ryan could be only for nominal damages.

The verdict and judgment were against all the defendants, except Heitz, for $217.54. The jury found in favor of defendant Heitz.

/ There is no question that Von Gerichten had no jurisdiction to try Mrs. Patzack for the alleged offence. *The State* v. *Barada*, 49 Mo. 504 ; *The State* v. *Schuermann*, 52 Mo. 165 ; 52 Mo. 429. The duty of the justice was to commit defendant for trial before the court having jurisdiction of the offence, as appears by the cases just cited. For this excess of jurisdiction the justice was liable as a wrong-doer. *Truesdell* v. *Combs*, 33 Ohio St. 186.

Appellants contend that as the justice had jurisdiction for one purpose, the case is not as if the entire proceeding were beyond the powers of the magistrate ; that jurisdiction attached, and it is merely a question of erroneous judgment. But we cannot take this view. There was a clear excess of jurisdiction. In *Knowles* v. *Davis*, 2 Allen, 61, a justice who had authority to entertain the complaint, and after examining defendant, — to require him to give bond to appear at a higher court, — required him to find sureties to keep the peace. It was held that the justice was liable as a tortfeasor for this excess of jurisdiction.

Every judicial officer, of whatever grade, must be careful not to exceed his jurisdiction. He is not exercising the judicial function when, being empowered to enter one judgment, he enters a judgment of an entirely different nature ; and it is quite undisputed that when inferior courts act with-

out jurisdiction, the law gives them no protection. That judges of superior or general authority are exempt from liability, even where they have exceeded their jurisdiction, unless the acts complained of were done maliciously, has been held. *Bradley* v. *Fisher*, 13 Wall. 335. But it was never heard that any such rule could be applied to shield a justice of the peace. He should resolve all doubtful questions against his jurisdiction. But it is unnecessary to go at length into the doctrine of the subject. The cases will be found cited by Judge Cooley. Torts, 416–420.

It is no defence in the present case to say that the justice had jurisdiction over the subject-matter of the complaint for a purpose entirely different from that of giving judgment against the party accused, and inflicting a punishment. "The power to hear and determine a cause," says Judge Baldwin, in *United States* v. *Arredondo*, 6 Pet. 709, "is jurisdiction; it is *coram judice* whenever a case is presented which brings this power into action." *Mitchell* v. *Foster*, 12 Ad. & E. 472, was an action of trespass for false imprisonment. The defendants, who were justices, had imposed a penalty upon the plaintiff for selling liquor without a license. They had jurisdiction to hear and determine this offence, but proceeded to examine into the truth of the charge on the day named in the summons, which should have been, and was not, ten clear days from the service of the summons. They had misconstrued the statute as to the time required for service. It was contended for the justices in the action of trespass, that, as a day had been fixed in the summons served on plaintiff on which he might have appeared, and there was some authority for the computation of time made by the justices, and as they had a general jurisdiction over the subject-matter, and the error might have been redressed on appeal, the act was of a judicial character, erroneous, and not void. But the Queen's Bench were unanimously of opinion that defendant must show, not

only a general jurisdiction, but jurisdiction in the particular case ; and the verdict for plaintiff was sustained.

If the justice is liable in this case, the liability of the constable is equally clear. Officers are bound to know the law. An officer executing process of a court which has acted without jurisdiction, becomes a trespasser. Where the judgment is void for want of jurisdiction, the writ issued upon it is also void, and cannot protect the officer. Where the court has power to render the judgment, the writ, if good upon its face, will protect the officer ; he need not, in that case, look beyond his writ. He is not presumed to know the legality of the judgment when it is a mere question of irregularity ; but where the court has no jurisdiction over the subject-matter, the officer must know this ; and if the judgment is void for want of jurisdiction, he acts at his peril. *Howard* v. *Clark*, 43 Mo. 344 ; Freem. on Ex., sects. 99, 100 ; *Clarke* v. *May*, 2 Gray, 410 ; *Cohorn* v. *Speed*, 2 N. J. L. 133.

Good faith and honesty of purpose in such a case go to mitigate damages, but cannot justify a usurpation of power by either constable or justice.

As to defendant Ryan, the jailor, the writ which did not protect the constable in arresting plaintiff, cannot shield the jailor for having received her as a prisoner and retained her in custody.

The action of the court in instructing the jury to find in favor of defendant Heitz is not prejudicial to defendants.

We see no ground for reversing the judgment. It is therefore affirmed. All the judges concur.