WALSH, Plaintiff in error and Respondent, vs. TIMLIN, Defendant in error and Appellant.

*December 16, 1897 — January 11, 1898.*

*Justices' courts: Fees of garnishee.*

Sec. 3781, R. S. 1878 (providing that "in actions against a garnishee, the person summoned to answer shall be entitled to receive the same fees for travel and attendance as a witness, and he shall not be bound to appear or answer unless his fees for travel and one day's attendance shall be first paid "), construed in connection with sec. 3778 (providing that " if any witness shall attend upon two or more cases in the same day before the same justice's court," he shall receive pay as in one case only), requires but one attendance fee and one traveling fee to be paid to a person to require him to appear and answer as a garnishee in several actions brought by the same plaintiff against him, returnable at the same time and place before the same justice.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

This was a garnishee action commenced in justice's court. Everything was done requisite to give the justice jurisdiction, unless there was a failure in that regard by reason of no traveling fees or fees for attendance having been paid to the garnishee defendant. There was another garnishee action commenced by the same plaintiff against the same garnishee defendant, returnable at the same place and hour before the same justice, in which all the requisites of the statute were complied with, necessary to confer jurisdiction so as to require the garnishee to appear and answer. The garnishee defendant appeared and answered in the action in which his fees had been paid, but refused to appear or answer in the other action. On its being made to appear that the fees were paid in one action, the justice proceeded to enter judgment in this action as in case of default. Thereafter such proceedings were duly had that the cause was re-

Walsh vs. Timlin.

moved to the superior court by writ of *certiorari*, and upon the hearing there had the judgment was reversed for want of jurisdiction to enter it, because of the failure to pay the garnishee defendant his fees for travel and attendance, as required by statute. Judgment was entered accordingly in the superior court in favor of the plaintiff in error, the garnishee defendant, *Walsh*, and against the defendant in error, the plaintiff, *Timlin*, for costs. From that judgment *Timlin* appealed to this court, having first obtained a certificate from the judge of the superior court, containing a statement of the facts and the other requisites necessary to such an appeal.

The questions of law stated, upon which the decision of this court is required, is whether the payment of fees to the garnishee defendant in this action was necessary to give the justice jurisdiction to require the garnishee defendant to appear and answer, or to proceed against him as in case of default for failure so to do.

The cause was submitted for the appellant on the briefs of *W. E. Hoehle* and *J. P. Geiser.*

For the respondent there was a brief by *W. M. Steele* and *A. T. Rock,* and oral argument by *Mr. Rock.*

MARSHALL, J.    Sec. 3781, R. S. 1878, provides that "in actions against a garnishee, the person summoned to answer shall be entitled to receive the same fees for travel and attendance as a witness, and he shall not be bound to appear or answer unless his fees for travel and one day's attendance shall be first paid," etc. Sec. 3778, R. S. 1878, in regard to witnesses' fees in justice court, provides that, "if any witness shall attend upon two or more cases in the same day before the same justice's court," he shall receive pay as in one case only, to be apportioned between such cases. Sec. 4067, R. S. 1878, in regard to fees of witnesses in courts of record, provides substantially the same. Such sections must be construed together. Such, it is considered, was the mani-

fest legislative intent. So construed, sec. 3781, R. S. 1878, requires but one attendance fee and one traveling fee to be paid to a person to require him to appear and answer as a garnishee in several cases brought by the same plaintiff against him, returnable at the same time and place before the same justice. That is .in accordance with the decision of the justice in this case, which was reversed by the superior court.

It follows from the foregoing that the question certified by the trial court, on which the decision of this court is required, must be answered in favor of the appellant, and the judgment appealed from reversed.

*By the Court.*— So ordered; and the cause is remanded to the superior court of Douglas county with directions to affirm the judgment of the justice.