Robertson vs. Parker.

trial court for the amount due on the note in suit, and defendant *Lord* appealed.

For the appellant there was a brief by *Hughes & Whitford*, and oral argument by *R. D. Whitford*.

For the respondent there was a brief by *McCausland & Smith*, and oral argument by *E. F. McCausland*.

ROBERTSON, Respondent, vs. PARKER, Appellant.

*May 5 — May 24, 1898.*

*Judge, personal liability for tort: Criminal jurisdiction of municipal judge: Abandonment.*

1. In order to render a judge of a municipal court liable in damages for erroneously assuming jurisdiction to pass judgment upon and commit to prison a person brought before him for a crime of which

he had no jurisdiction except to examine and hold to bail or commit for trial, such judge must have acted wilfully, maliciously, or corruptly in exercising such jurisdiction.

2. *It seems* that a municipal judge, invested by ch. 278, Laws of 1895, with jurisdiction "to hear, try and determine all criminal actions arising in said county, not punishable in state prison," has no jurisdiction to try and pass judgment upon a person charged, under sec. 4587c, S. & B. Ann. Stats., with abandoning and unreasonably refusing and neglecting to provide for his wife, but his power is limited to holding the accused to bail or committing him for trial.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

The complaint alleges that defendant was judge of the municipal court of Douglas county, which court is of limited jurisdiction, with no power to determine a criminal action the punishment for which may be imprisonment in the state prison; that on July 21, 1897, the defendant issued a warrant for arrest of plaintiff to answer the charge of abandoning his wife, under sec. 4587c, S. & B. Ann. Stats.; that plaintiff was arrested, and on July 22, 1897, after a hearing, the defendant wilfully, unlawfully, maliciously, and corruptly sentenced plaintiff to the workhouse for Douglas county for thirty days, well knowing that he had no right or jurisdiction so to do; that a commitment was issued, and plaintiff was imprisoned for the space of twenty-two hours, when he was discharged upon a writ of *habeas corpus.* He claims damages in the sum of $500. The defendant entered a general demurrer, which was overruled. The defendant appeals from the order overruling his demurrer.

*John A. Murphy,* for the appellant, argued, *inter alia,* that the defendant, as judge of the municipal court, under proceedings for the examination of the plaintiff, of which he had jurisdiction by sec. 4587c, S. & B. Ann. Stats., acquired jurisdiction of the person of the plaintiff and of the subject matter, and had the right to determine the question of his jurisdiction to pass sentence, and his decision of that ques-

Robertson vs. Parker.

tion was judicial, which, if erroneous, did not render him personally liable. *Austin v. Vrooman*, 14 L. R. A. 138; *Butler v. Potter*, 17 Johns. 145; *Prigg v. Adams*, 2 Salk. 674; *Clark v. Holdridge*, 58 Barb. 64; *Proudfit v. Henmon*, 8 Johns. 391; *Grove v. Van Duyn*, 44 N. J. Law, 654; *Bradley v. Fisher*, 13 Wall. 335; *State ex rel. McCall v. Cohen*, 16 S. C. 198; *Lange v. Benedict*, 73 N. Y. 12; *Ackerley v. Parkinson*, 3 Maule & S. 411; *Busteed v. Parsons*, 54 Ala. 393, 25 Am. Rep. 688.

For the respondent the cause was submitted on the brief of *Geo. C. Cooper*. He argued that the municipal court of Douglas county was a court of inferior jurisdiction and its judge was protected only when he acted within his jurisdiction. That he acted in good faith was no defense, but that he acted wilfully, corruptly, or maliciously enhanced the damages. *Truesdell v. Combs*, 33 Ohio St. 186; *Sheldon v. Hill*, 33 Mich. 171; *La Roe v. Roeser*, 8 id. 537; *Lanpher v. Dewell*, 56 Iowa, 153; *Piper v. Pearson*, 2 Gray, 120; *Clarke v. May*, id. 410; *Sullivan v. Jones*, id. 570; *Rutherford v. Holmes*, 66 N. Y. 368; *Knowles v. Davis*, 2 Allen, 61; *Downing v. Herrick*, 47 Me. 462. Jurisdiction of the subject matter for one purpose is of no avail in an action for the exercise of excessive jurisdiction. *Patzack v. Von Gerichten*, 10 Mo. App. 424; *Vanderpool v. State*, 34 Ark. 174; Cooley, Torts, 416, 417; *Tramwell v. Russellville*, 14 Ark. 105; *Wickes v. Clutterbuck*, 2 Bing. 483; *Austin v. Vrooman*, 14 L. R. A. 138.

BARDEEN, J. It was conceded on the argument that the defendant, as judge of the municipal court of Douglas county, had no legal right to pronounce judgment against the plaintiff at the time and in the manner set forth in the complaint. Ch. 278, Laws of 1895, invests said judge with jurisdiction " to hear, try and determine all criminal actions arising in said county, not punishable in state prison," and " to hold to bail all persons charged with other offenses

against the laws of the state of Wisconsin." The plaintiff was charged with abandoning his wife, and unreasonably refusing and neglecting to provide for her, contrary to sec. 4587c, S. & B. Ann. Stats. This section declares such an offense to be a misdemeanor, and as a penalty provides that such parent or husband, " on conviction thereof, shall be punished by imprisonment in the county jail, not less than fifteen days, ten days of which imprisonment, in the discretion of the court, the food may be bread and water only, or by imprisonment in the state prison not exceeding one year; except in counties having workhouses, commitment may be made to such workhouse in the discretion of the court." Sec. 4587d provides that " the several county and municipal courts of the state shall have concurrent jurisdiction with the circuit court of all offenses arising under this act, and every such county and municipal court shall be deemed open at all times to hear, try and determine all cases arising under this act." Other sections provide that the judges of courts of record and court commissioners are authorized to issue process for the arrest and examination of offenders under the act, and that when a person was bound over for trial the record of such examination should be forthwith transmitted to the county or municipal court of the proper county.

Under these provisions, there can be no doubt but that the defendant, as such municipal judge, had full authority to issue a warrant for the arrest of plaintiff upon the proper complaint being made, and to hold and conduct an examination. The complaint is apparently drawn upon the assumption that he had such right, but the contention is that he had no right to *try* the plaintiff for that offense. As examining magistrate, the defendant was acting directly within the lines of his authority. In that regard he had jurisdiction of the subject matter and of the person of the plaintiff, and his authority continued up to the time he assumed to pass sentence and to issue a commitment. At this point he is met with

Robertson vs. Parker.

the question of whether he had a right to pass judgment on the plaintiff. He finds that the act creating the offense provides that the several municipal courts of the state shall have concurrent jurisdiction with the circuit courts of all such offenses. He erroneously decides that the proceedings before him have been equivalent to a trial, and that he is invested with authority to exercise his discretion, and send the plaintiff to the workhouse of the county. He acts upon the assumption that the law giving the municipal courts of the state authority to try and determine such cases gave *him* such authority. In this he was in error. His power to act was limited to holding the accused to bail or committing him for trial. Up to the moment of pronouncing sentence, he had possessed ample power to do what he had done. In the decision of the question that he had jurisdiction to pronounce judgment, did the magistrate render himself liable in damages to the plaintiff? He did erroneously decide that he had power to try the plaintiff, but did such erroneous decision render him, as to all future acts, a trespasser? There are, we frankly admit, decisions holding squarely that it did, but they are based upon the proposition that the rights of the individual are paramount to all public interests involved, and that when such rights are unlawfully invaded his right of redress is absolute. This right, however, has been limited to cases where the offending officer is one possessing inferior or limited jurisdiction. Judges of courts of superior or general jurisdiction possess such immunity, even when it is alleged that they have acted wilfully and corruptly. But, as to officers possessing limited jurisdiction, the lines are drawn tighter, and there are cases in the books holding them to the strictest accountability for their judicial acts. But in later years the doctrine has been somewhat relaxed.

It requires no argument to show that the doctrine of judicial immunity is absolutely essential to the very existence of the judicial office. A magistrate could not be respected

Robertson vs. Parker.

or independent if his motives for his official action, or his
conclusions, could be put in question at the instance of every
disappointed suitor. In treating of this subject, the text-
books and decisions lay down the proposition that the officer,
in order to entitle himself to claim the immunity that belongs
to judicial conduct, must act within the bounds of his juris-
diction. As a general proposition of law, this statement
must be accepted, but the embarrassment arises when it is
attempted to be applied to cases in which the public officer
is called upon to decide whether or not a particular case is
within his jurisdiction, and he falls into error in arriving at
that conclusion, and whether he can be held responsible if
he acts in excess of his jurisdiction. *Grove v. Van Duyn*, 44
N. J. Law, 654, is a case in which these questions are dis-
cussed with great learning and ability. BEASLEY, C. J., thus
announces the rule: "When the judge is called upon by the
facts before him to decide whether his authority extends
over the matter, such an act is a judicial act, and such officer
is not liable, in a suit, to the person affected by his decision,
whether such decision be right or wrong. But when no
facts are present, or only such facts as have neither legal
value nor color of legal value in the affair, then, in that
event, for the magistrate to take jurisdiction is not, in any
manner, the performance of a judicial act, but simply the
commission of an unofficial wrong. This criterion seems a
reasonable one. It protects a judge against the consequences
of every error of judgment, but it leaves him answerable for
the commission of wrong that is practically wilful. Such
protection is necessary to the independence and usefulness
of the judicial officer, and such responsibility is important
to guard the citizen against official oppression."

There is a distinction running through many of the cases
between a proceeding instituted and carried on by a magis-
trate, where the initial act failed to secure jurisdiction, or,
having secured it, he had lost it by neglect of legal require-

ments, and those where jurisdiction has been secured, and, during the progress of the investigation, the magistrate, in view of the situation, decides that he possesses greater power than he actually possesses. *Brosde v. Sanderson*, 86 Wis. 368; *Frazier v. Turner*, 76 Wis. 562; and *Lueck v. Heisler*, 87 Wis. 644, are cases upon which the magistrate's liability is established under the rule that void process or absolute loss of jurisdiction *pendente lite* renders him responsible to the injured party.

In discussing the question herein involved, we extract the following from Mr. Bishop's Non-Contract Law (§ 783): "Most of the cases exhibit an inclination to be specially severe on justices of the peace and other inferior magistrates, compelling them, in distinction from the rule as to the superior judges, to respond in damages whenever their judicial act was without jurisdiction. But, in reason, if judges properly expected to be most learned can plead official exemption for their blundering in the law, *a fortiori* those from whom less is to be expected, and who receive less pay, should not be compelled to respond in damages for their mistakes honestly made after due carefulness." After stating that the better authorities appear greatly to limit the strict rule of liability, the learned author further says: "Plainly, in reason, if a judicial officer of whatever grade should take jurisdiction where he knew he had none, or without due care to ascertain the law, he should answer in damages to the party injured, and so, it is believed, are the authorities; and in legal reason, also, this should constitute the only exception to the general rule of exemption, as to which the grade of the judicial office should be deemed immaterial." We might cite many other protests and criticisms by courts and text writers condemning the strictness and injustice of the rule. The current of modern legal thought is unquestionably in favor of the proposition cited. *Thompson v. Jackson*, 93 Iowa, 376, 27 L. R. A. 92.

In *Austin v. Vrooman*, 128 N. Y. 229, it was held that a justice of the peace was not personally liable for erroneously deciding that he had jurisdiction to try a defendant who had tendered bail and demanded a trial by jury, where the justice had jurisdiction of the offense and the defendant, except for such offer and demand, if the magistrate acted in good faith. In *Bell v. McKinney*, 63 Miss. 187, the defendant, mayor and *ex officio* justice of the peace, fined and committed plaintiff to jail for an offense committed outside of the corporate limits of the town, over which he had no jurisdiction except to bind the party over to await the action of the grand jury. *Held*, that he was not liable if he acted in good faith. The test in these and many other cases that might be cited is whether the magistrate acted in good faith. It is true that there are cases where the question of good faith is no defense, if the magistrate exceeded his jurisdiction. *Truesdell v. Combs*, 33 Ohio St. 186; *Putzack v. Von Gerichten*, 10 Mo. App. 424; and *Vanderpool v. State*, 34 Ark. 174, are cases holding this rule to the limit of strictness. We are content, however, to join in the increasing procession of states that have adopted and are following the more humane and less stringent test of liability in cases of this kind. We have been led to prolong this discussion because of the very able and earnest argument of counsel on both sides upon this question, and with the hope that it will aid in the future determination of this case.

Returning, now, to the complaint, we find it alleged, in substance, that the act of the defendant, in sentencing and committing the plaintiff, was wilful, malicious, and corrupt, and performed when he well knew that he had no right or authority so to do. The motives and good faith of the defendant are directly challenged, and the demurrer admits the truth of these allegations. It being admitted that, under the law, the sentencing and commitment of

plaintiff were beyond the authority of defendant, and by the pleading that the act was wilfully, maliciously, and corruptly done, and with full knowledge of his want of authority, we see no escape from the conclusion that the complaint states a cause of action.

*By the Court.*— The order of the superior court of Douglas county is affirmed.