TOWNSEND and another, Appellants, vs. SEELIG, Garnishee, Respondent.

*January 9—January 28, 1902.*

*Justices' courts: Transcript of judgment: Striking out on motion: Garnishment: Payment of fees: Default judgment.*

1. After the transcript of a judgment rendered in justice's court has been filed and docketed in the office of the clerk of the circuit court and the judgment has become in effect the judgment of that court by virtue of sec. 2900, Stats. 1898, the circuit court may, upon motion, order the transcript stricken from the files and strike from the clerk's docket all entries relating thereto, if it appear from the record of the justice that he was without jurisdiction to enter the judgment.

2. Under sec. 3781, Stats. 1898 (providing that a garnishee in justice's court "shall not be bound to appear or answer unless his fees for travel and one day's attendance shall first be paid"), and sec. 3728 (giving the justice authority to enter a personal judgment against the garnishee in case he fails to appear or appearing, fails to make full answer touching his liability), a justice has no power to enter a personal judgment against the garnishee, as for default, unless he has before him proof that all the conditions precedent to enforcing attendance have been complied with.

3. Where, in justice's court, the return of service of process on a garnishee fails to show payment to the garnishee of his legal fees, a default judgment entered against the garnishee is without legal authority, and wholly insufficient to sustain a transcript thereof filed with the clerk of the circuit court.

APPEAL from an order of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

In March, 1897, garnishee summons having been issued at the suit of the appellants' agents against the respondent as garnishee, upon execution the same was returned to the justice with return by constable that he had served the same on the garnishee by reading the same to and leaving with him a true copy thereof. The words in the printed form of return for declaring payment of witness fees to the garnishee

were scratched out. The constable's statement of fees attached to his return did not include the payment of any witness fees. The garnishee made no appearance, and on the return day, upon evidence of one of the principal defendants, judgment was entered against the garnishee for $193.99 on April 3, 1897. In August of the same year a transcript of that judgment was issued and filed in the office of the clerk of the circuit court for Fond du Lac county, and the judgment duly docketed therein. On July 5, 1900, the respondent moved for an order that said transcript · of judgment be stricken from the records of the circuit court, which motion was based upon a copy of the justice's docket and of the return upon said summons, and upon respondent's own affidavit that at the time of the service of the garnishee summons upon him he demanded of the officer his fees as witness, which the officer refused to pay, and that they never were paid or tendered, and for that reason he did not appear. The affidavit also asserted ignorance of the judgment against him until the summer of 1899; that the transcripted judgment constituted an apparent lien upon his real estate; and that he was in no way indebted to, nor held property for, the principal defendants. Against this motion plaintiffs made argument, but offered no contradiction to the facts stated, whereupon, on December 2, 1900, the court entered an order granting the motion and ordering that said transcript and all entries relating to said judgment and transcript made in the judgment docket of the circuit court be stricken out; from which order plaintiffs appeal.

For the appellants there was a brief by *Carter & Pedrick,* and oral argument by *S. M. Pedrick.*

For the respondent there was a brief by *Morse & MacDonald,* and oral argument by *R. L. Morse.*

BARDEEN, J. A transcript of a judgment rendered in justice's court for more than $10, exclusive of costs, may be

filed and docketed in the office of the clerk of the circuit court, and from the time of such filing shall be deemed the judgment of the circuit court, and be under the control of said court, and carried into effect the same as the judgments thereof. Sec. 2900, Stats. 1898. Such a transcript was filed and docketed against the property of the garnishee defendant. He attacked it by motion on the ground that the proceedings before the justice showed that he had no power or jurisdiction to enter judgment against him. The court below made an order striking such transcript from the files and striking out all entries relating to the same from the clerk's docket. The power of the circuit court to deal with void judgments is plenary, and may be exercised on motion. *Weatherbee v. Weatherbee*, 20 Wis. 499; *Scheer v. Keown*, 34 Wis. 349; *Thomas v. West*, 59 Wis. 103. One of the principal grounds for sustaining the demurrer in the last case mentioned was that the plaintiff had an adequate remedy at law by a motion to vacate the docket entries and strike the transcript from the files of the court. See *Purcell v. Kleaver*, 98 Wis. 102. In *Steckmesser v. Graham*, 10 Wis. 37, the power of the court to deal with transcripts and vacate entries made upon them was admitted to exist, to be exercised when the circumstances required it. This power is usually exercised on motion in the proper case, and is quite as efficacious, and much less expensive, than a formal suit in equity. In this case the court struck out the transcript in question on the theory that the proceedings upon which it was based were beyond the power of the justice under the circumstances stated. Sec. 3781, Stats. 1898, says that a garnishee shall be entitled to receive the same fees for travel and attendance as a witness, *"and he shall not be bound to appear or answer* unless his fees for travel and one day's attendance shall first 'be paid."* The authority of the justice to enter judgment personally against the garnishee is dependent upon the statute,

which says he may do so if he fails to appear, or appearing, fails to make full answer touching his liability. Sec. 3728, Stats. 1898. Construing the two statutes together, it is quite evident that the justice can have no power to enter personal judgment against the garnishee as for default, unless he has before him proof that all the conditions precedent to enforce attendance have been complied with. In other words, if a garnishee fails to appear, the justice looks to see, and his record must show service of the summons and payment of fees before he can lawfully enter a personal judgment against him by default. Unless these essential requisites appear, his power to proceed does not exist, and the judgment entered has no legal basis to rest upon. See *Walsh v. Timlin,* 98 Wis. 333. The record before us clearly shows that the judgment entered by the justice was without legal authority, and wholly insufficient to sustain the transcript attacked. Such being the case, the fact that the court vacated the docket entries in the clerk's office in addition to the striking of the transcript from the record works no prejudice to the appellant. The other points made by appellant are not deemed of sufficient importance to require discussion.

*By the Court.*—The order is affirmed.