CHAS. H. RAY, Appellant, v. THOMAS DODD et al.,. Respondents.

**Kansas City Court of Appeals, June 29, 1908.**

1. **FALSE IMPRISONMENT: Amendment: Departure: Jurisdic-tion.** A petition for false imprisonment by a justice of the peace and his constable alleged that the commitment was issued after an appeal had been taken and a bond given, and not that his arrest, trial and conviction were illegal and without jurisdiction. *Held*, a request made during the trial to amend the petition so as to set up that the alleged offense was committed in the township different from the justices' was properly refused, since it. constituted a departure.

2. ———: **Appeal: Commitment: Officer's Authority: Jurisdiction.** While a public officer is not responsible civilly for judicial de-termination, however erroneous or malicious, yet he must have jurisdiction of the proceedings; and so after the conviction of an accused party his appeal and the approval of his bond, the justice has no jurisdiction to issue a commitment nor the con-stable to serve it and either would be liable for false impris-onment resulting therefrom.

3. ———: **Allegata et Probata: Conspiracy.** The petition alleged a conspiracy to deprive plaintiff of his liberty; the evidence failed to show the conspiracy. *Held*, fatal.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*H. L. Shannon* and *H. A. Tankersley* for appellant.

(1)    Where there is a want of jurisdiction of either the person or subject-matter, a justice of the peace who commits a party to prison is guilty of false imprisonment; and where a constable assists in effect-ing such imprisonment, with knowledge of the justice's want of jurisdiction, he is also guilty of false imprison-ment.    Patzack v. Von Gerichten, 10 Mo. App. 424; Tracy v. Williams, 10 Am. Dec. 102, 4 Conn. 107; Shel-

don v. Hill, 33 Mich. 171; Page v. Mitchell, 13 Mich. 63; Glazar v. Hubbard, 80 Am. St. 340, (102 Ky.); Truesdell v. Combs, 33 O. St. 186. (2) Acting beyond his jurisdiction will render a magistrate liable. 12 Am. and Eng. Ency. of Law (2 Ed.), p. 761; Thompson v. Whipple, 54 Ark. 203; Tracy v. Williams, 4 Conn. 107; Barnes v. Barker, 6 Ill. 405; Sheldon v. Hill, 33 Mich. 171; Percival v. Jones, 2 Johns. Cas. (N. Y.) 49. (3) Want of malice is no defense in an action for false imprisonment. St. Louis v. Karr, 85 Mo. App. 614. (4) Malice and want of probable cause are not necessary ingredients of false imprisonment. Munson v. Rouse, 86 Mo. App. 102; Boeger v. Langenberg, 97 Mo. 396. (5) False imprisonment is an intentional detention of the person of another not authorized by law. M'cCaskey v. Garrett, 91 Mo. App. 359. (6) Where a misdemeanor is committed in one township, and the prosecution of the accused is commenced before a justice of the peace of another township, the proceeding is without jurisdiction. Session Laws of 1907, pp. 245, 246, S. B. 167; Hansberger v. Railroad, 43 Mo. 196; Manuel v. Railroad, 19 Mo. App. 631; Vaughn v. Railroad, 17 Mo. App. 4; Iba v. Railroad, 45 Mo. 469. (7) Where an amendment will not change the cause of action, and justice will be promoted by its allowance, it is an abuse of the trial court's discretion to refuse it. Anderson v. Hance, 49 Mo. 159; Carr v. Moss, 87 Mo. 447; Waverly Timber & Iron Co. v. Cooperage Co., 112 Mo. 383; Simon v. Ryan, 101 Mo. App. 16.

*T. C. Tadlock,* for respondents, filed argument.

BROADDUS, P. J—This is a suit for false imprisonment. The allegations of the petition in substance are, that the defendant Thomas Dodd a justice of the peace for Preston township, Jasper county, and I. Y.

Byers of said township unlawfully combined together for the purpose of depriving plaintiff of his liberty, and that in pursuance of such unlawful combination the said Dodd on the 23d day of August, 1907 issued a certain commitment and delivered the same to the defendant Byers.    The commitment omitting caption is as follows:

"Whereas, complaint has been made before me, a justice of the peace of said county, upon the oath of Fannie Ray, that Chas. H. Ray late of the county of Jasper and State of Missouri, did on the 16th day of August, 1907, commit an assault and battery upon Fannie Ray, and

"Whereas the said Chas. H. Ray was brought before me upon a warrant duly issued upon the information of H. L. Bright, assistant prosecuting attorney, and has been examined by me on such charge and required to give a bail in the sum of $200 for his appearance before the circuit court of said county, on the first day of the next term thereof, which requisition he has failed to comply with.

"You are therefore commanded to receive the said Chas. H. Ray into your custody in the jail of the county aforesaid, there to remain until he be discharged by due course of law."

The petition recites that the commitment was delivered to the defendant Byers who arrested plaintiff and delivered him to the jailor of the county who put him in prison in the jail.    And it is further alleged that plaintiff had complied with the said requisition and had given the necessary bond with good and sufficient securities which had been approved by the defendant Dodd.    The defendants pleaded justification in that, they were public officials and acting within the scope of lawful authority.

The facts brought out in the trial were; that plaintiff had been charged by his wife Fannie with an as-

sault and battery upon her person, and that she made affidavit to that effect and that a warrant was duly issued by defendant Dodd for his arrest, which was executed by defendant Byers who brought him before the justice where he was tried and found guilty of the charge and his punishment assessed at a fine of ten dollars; that he appealed from the judgment of the justice to the circuit court and gave a good and sufficient bond for appearance at such court which was approved by defendant Dodd; and that soon thereafter the defendant Dodd issued the said commitment and delivered the same to the defendant Byers who arrested plaintiff and delivered him to the jailor of the county who placed him in jail, where he remained a few minutes when he was released at the suggestion of his attorney on the ground that he had not been surrendered into the hands of the officer by his securities on the appeal bond. It was shown that the constable Byers made an effort to have the securities surrender plaintiff into his custody, but that they did not accede to his solicitations. It sufficiently appears that defendant Dodd was chargeable with the knowledge that plaintiff's securities had made no request to have plaintiff taken into custody when he issued said commitment. The court at the instance of defendants gave an instruction to the jury to find for defendants, whereupon plaintiff took a nonsuit and after taking all necessary steps brings his case here by appeal.

During the trial plaintiff asked leave to file an amended petition setting up that the proceedings against plaintiff before defendant Dodd were based on an offense alleged to have been committed by plaintiff in another and different township from Preston, which fact was known to defendants at the time and for that reason the justice had no jurisdiction to try the case. The request of plaintiff the court refused and we think properly, for the amendment would have the effect

of creating a different issue altogether on a different cause of action. The petition does not charge that the arrest, trial and conviction of plaintiff before the justice was illegal, and without jurisdiction, but that the commitment issued after he had taken an appeal and given a sufficient bond, and his incarceration in jail thereunder was illegal. It was an effort to substitute one cause of action for another.

We do not agree with the defendants' contention that they were not liable as they were acting under lawful authority. The justice had no jurisdiction to issue the commitment and as it was void it did not justify the constable in making the arrest. It is the law "that no public officer is responsible in a civil suit, for a judicial determination however erroneous it may be, and however malicious the motive which produced it. . . . It of course only applies where the judge or officer had jurisdiction of the particular case, and was authorized to determine it." [Reed v. Conway, 20 Mo. 23; Patzack v. Von Gerichten, 10 Mo. App. 424.] This seems to be the view taken of the law in all the courts of the country.

But plaintiff failed to make out a case under his petition in that, he did not prove that defendants formed a conspiracy or that there was any union of purpose, to unlawfully imprison the plaintiff.

The cause is affirmed. All concur.