REILLY, Respondent, vs. ANDRO and another, Appellants.

*December 8, 1926—January 11, 1927.*

*Criminal law: Assault and battery: Prosecution in justice's court: Assessment of costs against complainant: Taxation after oral judgment of dismissal: Validity of judgment for costs: Relief in circuit court: Justices of the peace: Liability for errors: For costs in action to secure relief from void judgment.*

1. Under sec. 360.22, Stats., a justice of the peace, pronouncing judgment orally at the close of a trial, has a reasonable time to enter the judgment in his docket and to perfect the same by the taxation of costs; but where the justice, after giving an oral judgment in a prosecution for assault and battery, attempted to enter judgment for costs against the complainant differing from the one orally announced at the close of the trial, the judgment so entered was void. p. 599.

2. Equity will prevent the enforcement of a void judgment for costs, it being unconscionable to permit the enforcement of such a judgment when plaintiff has no effective remedy otherwise, the time for appeal having expired and *certiorari* offering no relief, as the defect does not appear on the face of the record. p. 599.

3. In an action to restrain the enforcement of the void judgment the circuit court does not have power to vacate it and set it aside, the only power possessed by the court being to restrain the enforcement of the judgment. p. 600.

4. A justice of the peace should be protected against liability for mere errors of judgment, being answerable, however, for the commission of any wrong, under the guise of a judicial act, that is done wilfully and with knowledge that the justice is acting without jurisdiction. p. 601.

5. The justice of the peace, believing that he had the right, after the close of the trial, to make findings that the complaint was malicious and without probable cause, should not, upon proceedings to restrain the enforcement of the void judgment, be penalized by being taxed with the costs. p. 602.

APPEAL from a judgment of the circuit court for Sauk county: AUGUST C. HOPPMANN, Circuit Judge. *Modified and affirmed.*

Action by *Charles Reilly* against *Adolph Andro* and *Sauk County* to set aside and to restrain the enforcement of a judgment for costs entered against *Charles Reilly* in a criminal prosecution for assault and battery before *Adolph Andro* acting as a justice of the peace in which *Charles Reilly* was the complaining witness, the justice having found that the prosecution was malicious and without probable cause.

A jury returned a verdict of not guilty in the assault and battery action. The verdict was read by the justice, who thereupon discharged the defendant and adjourned court. Nothing was then said as to a judgment for costs against the complaining witness. Some time later the justice certified on his docket "that the complaint of the said *Charles Reilly* was wilful and malicious and without probable cause" and entered judgment against *Charles Reilly* for all costs of the criminal action in the sum of $213.39. *Charles Reilly* was not present when this entry was made and neither he nor his attorney had any notice of the entry of this judgment until some weeks thereafter. This action in equity was then begun and judgment was entered restraining the enforcement of the judgment and vacating and setting aside the judgment. From that judgment this appeal was taken.

For the appellants there was a brief by *James H. Hill* of Baraboo, attorney for *Adolph Andro,* and *Henry J. Bohn,* attorney for *Sauk County,* and oral argument by *Mr. Bohn.*

For the respondent there was a brief by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *H. M. Langer.*

Reilly v. Andro, 191 Wis. 597.

STEVENS, J.   (1)  Sec. 360.22 of the Statutes provides that when a person accused of a criminal offense is acquitted he shall immediately be discharged; "and if the court before whom the trial is had shall certify in his docket that the complaint was wilful and malicious and without probable cause it shall enter a judgment against the complainant to pay all the costs that shall have accrued to the court and sheriff or constable and jury, and the fees of witnesses in the proceedings had upon such complaint."

When a justice of the peace pronounces judgment orally at the close of the trial he has a reasonable time in which to enter the judgment in his docket and to perfect the same by the taxation of costs, even under statutes which require that judgment be entered instantly. *Kleinsteuber v. Schumacher,* 35 Wis. 608, 613.   But he has no power to enter any judgment except the one orally pronounced at the close of the trial.   Here the justice attempted to enter a judgment different from the one pronounced at the close of the trial and at a time when he had no right to enter any judgment except the one pronounced at the trial.   The judgment for costs against the respondent was therefore void and of no effect.

(2)  The time for appeal having expired before the respondent knew of the existence of the judgment for costs against him, the respondent has no remedy outside of a court of equity.  *Certiorari* afforded no adequate remedy because the docket of the justice appeared regular on its face. It was only when oral proof was offered that the fact appeared that the judgment for costs was void because entered without jurisdiction.   "Equity suffers no wrong to go without a remedy, the wrong being of sufficient gravity to be appreciated by the conscience of the chancellor, and application being made to its jurisdiction seasonably and with clean hands."  *Boring v. Ott,* 138 Wis. 260, 271, 119 N. W. 865.

The fact that respondent would be compelled to pay a judgment entered without giving him his day in court and

without jurisdiction presents a case that appeals to the conscience of the chancellor.

It would be unconscionable to permit the appellants to enforce a void judgment entered without jurisdiction, but "the jurisdiction of equity is not exercised to disturb a judgment. That can only be done according to methods provided by the Code. But it acts directly upon the party who is in a position to and might, if not restrained of his liberty, enforce the judgment, tying his hands so as to prevent him from doing so, thus leaving the judgment good in form but valueless and harmless in fact." *Balch v. Beach,* 119 Wis. 77, 85, 95 N. W. 132. The judgment of the circuit court went too far. The court had no power to vacate and set aside the judgment. The only power possessed by the circuit court was to restrain the enforcement of the judgment. The judgment must therefore be modified so that it will not in form vacate and set aside the judgment which is here in question.

(3) This being an action in equity, the allowance of costs in this action rests in the sound discretion of the court. The trial court imposed the costs of this action upon both the county, in whose favor the judgment for costs was entered in the criminal action, and upon the justice of the peace who entered the judgment. Nothing is more essential to the maintenance of our republican institutions than that those who occupy judicial positions, whether in courts of record or in those of limited jurisdiction, should at all times be free to follow the dictates of their own judgment in each case submitted to them for decision without being held personally liable to those who do not prevail in litigation conducted before them. "It requires no argument to show that the doctrine of judicial immunity is absolutely essential to the very existence of the judicial office. A magistrate could not be respected or independent if his motives for his official action, or his conclusions, could be put in question at the in-

stance of every disappointed suitor." *Robertson v. Parker,* 99 Wis. 652, 656, 657, 75 N. W. 423. "It would be difficult, indeed, to secure responsible, able, fearless, and courageous judges if this were not the law." *Langen v. Borkowski,* 188 Wis. 277, 294, 206 N. W. 181.

Apparently the justice acted under the mistaken belief that the statute gave him the right, after the trial had closed, to make the finding that the complaint was malicious and without probable cause. The complaint does not allege and the proof does not show that the justice acted wilfully, maliciously, or from any motive other than a good-faith belief that he had power to enter this judgment for costs. The justice had jurisdiction of the criminal action. The case is one where the justice acted under the mistaken belief that he had the power, after the case was closed and judgment pronounced, to enter judgment for costs against the complaining witness. Justices of the peace should be protected against liability for mere errors of judgment. But they should at the same time be held answerable for the commission of any wrong, even if under the guise of a judicial act, that is done wilfully and with knowledge that the justice is acting without jurisdiction. "Such protection is necessary to the independence and usefulness of the judicial officer, and such responsibility is important to guard the citizen against official oppression." *Robertson v. Parker,* 99 Wis. 652, 657, 75 N. W. 423.

While the decisions of other states have held the judges of inferior courts to a more strict accountability for judicial acts, Wisconsin has joined "in the increasing procession of states that have adopted and are following the more humane and less stringent test of liability in cases of this kind," where the acts of judges of inferior courts are questioned. *Robertson v. Parker,* 99 Wis. 652, 659, 75 N. W. 423. Under this more humane and less stringent rule there is no

proof that would warrant the entry of any judgment for costs against appellant *Andro*. It follows that the judgment appealed from should be modified by striking therefrom the provision by which the respondent recovers costs from the appellant *Andro*.

*By the Court.*—The judgment appealed from is modified in accordance with this opinion, and as so modified is affirmed.