WERNICK, Appellant, vs. ROTH and another, Respondents.

*March 9—April 3, 1928.*

*Courts: Power of circuit court over judgment of justice's court: Striking transcript from records.*

Upon the non-appearance of garnishees in a justice court action judgment was entered against them, and after the expiration of the time for appeal a transcript of this judgment was filed in the circuit court and an execution issued thereon. On motion of the garnishees on an affidavit showing excusable neglect and inadvertence, the circuit court struck the transcript from the records and stayed execution upon the payment of certain costs and of a small amount admitted to be due to the

principal defendant. *Held,* that the circuit court acquires power to review the judgment of an inferior court only by appeal, by common-law writ, or by an equitable action, and it did not have the power to strike the transcript of this judgment, which was admitted to be valid, from its files and docket on motion of the judgment debtor.

APPEAL from an order of the circuit court for Dane county: A. G. ZIMMERMAN, Circuit Judge. *Reversed.*

*George B. Parkhill* of Madison, for the appellant.

For the respondents there was a brief by *Hall, Baker & Hall* of Madison, and oral argument by *Lawrence W. Hall.*

CROWNHART, J.   The plaintiff brought an action against one Don C. Myers and wife in justice court, and garnished the defendants, *C. E. Roth* and *P. A. Roth.* The plaintiff secured a judgment against Myers for $212.05, and the garnishee defendants, failing to appear, were adjudged indebted to Myers for the full amount of plaintiff's judgment.

The plaintiff thereafter waited until the time for appealing from the judgment of justice court had expired, and then filed a transcript of judgment with the clerk of the circuit court, pursuant to sec. 270.75, Stats., and procured an execution to issue against said garnishee defendants. The garnishee defendants thereupon presented a motion on order to show cause before the circuit court for Dane county, to have said judgment set aside and the execution thereon stayed pursuant to sec. 269.46, Stats. The motion was based upon an affidavit of the garnishee defendants to the effect that they neglected to appear and disclose in justice court the amount due said Myers, through excusable neglect and inadvertence, and further showing that they were owing the defendant Myers at the time of such garnishee the sum of $22, and no more.

The circuit court thereupon ordered that said transcript of judgment in the circuit court be stricken from the records and the enforcement of the same by execution stayed,

upon condition that the garnishee defendants pay to the plaintiff the $22 due and owing the defendant Myers, the $8.17 garnishee costs, and $10 costs of the motion.

From the above order the plaintiff appeals to this court.

Sec. 269.46, Stats., reads as follows:

"The court or a judge may likewise, in discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceedings; and whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of law the court may, in like manner and upon like terms, permit an amendment of such proceeding so as to make it conformable thereto."

Sec. 270.75, Stats., providing that a transcript of a justice court judgment may be filed and docketed in the office of the clerk of the circuit court, sets forth:

"Every such judgment, from the time of such filing of the transcript thereof, shall be deemed the judgment of the circuit court, be equally under the control thereof and be carried into execution, both as to the principal judgment debtor and his surety, if any, in the same manner and with like effect as the judgments thereof, except that no action can be brought upon the same as a judgment of such court nor execution issued thereon after the expiration of the period of the lien thereof on real estate provided by section 270.79."

We must inquire as to the extent of the power of the circuit court to strike from the files and judgment docket the transcript of the judgment of the justice court, filed and entered pursuant to sec. 270.75, Stats.

It is not claimed that the justice court judgment was invalid for any reason. It is conceded that the justice had jurisdiction to enter the judgment and the duty to do so under the facts as they appeared before him. The defendants had the opportunity to appeal from that judgment.

The time for appeal went by, and they did not appeal. Then the transcript was filed in the office of the clerk of the circuit court. At that time the circuit court was powerless, on motion, to limit or change the judgment in the justice court. *Townsend v. Seelig,* 113 Wis. 31, 88 N. W. 908. That could only be done by an action in equity, where all parties would have their day in court and where equitable principles would apply. *Reilly v. Andro,* 191 Wis. 597, 211 N. W. 780.

In an early case, *Steckmesser v. Graham,* 10 Wis. 32, *37, this court said:

"It is suggested, in the respondent's brief, that the circuit court has control over such transcripts. That may be so to a certain extent. They may undoubtedly strike them off, or vacate the entries made upon them, whenever a proper case is presented; but they have no such discretion in regard to it, that they may strike them off when the party has a legal right to have them remain."

So, here, the appellant had a legal right, given by statute, to have his judgment in the justice court docketed in the circuit court so long as he had a valid judgment in the justice court. The judgment, when so docketed, stood the same as a valid judgment in his favor in the circuit court, which he would have a legal right to have docketed, and when so docketed the circuit court would not be authorized to vacate the docket entries until the judgment should be modified or set aside. The effect of the order of the circuit court is to deny to plaintiff a legal right pursuant to a valid judgment. It is said by this court in *Deuster v. Zillmer,* 119 Wis. 402, 408, 97 N. W. 31:

"We have not been referred to any authority which holds that a justice's judgment may be vacated upon mere motion made in an appellate court, even though that court has superintending control or supervisory jurisdiction, and we should be surprised to find any such authority in the absence of a statute to that effect. A court has power to amend or control its own records in a proper case by motion, but this

principle has not, to our knowledge, been carried so far as to hold that it may amend, vacate, or expunge the records of another court in that manner, even though such other court be an inferior court over which it has superintending control. This power of superintending control is to be exercised by the established writs of the common law, at least until the legislature shall provide additional or other means. *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081. That the circuit court has no power to set aside the judgment of a justice on mere motion was strongly intimated, if not actually decided, in the case of *Mabbett v. Vick,* 53 Wis. 158, 10 N. W. 84."

In other words, the circuit court gets power to review the judgment of an inferior court only on appeal, by common-law writ, or an equitable action.

*By the Court.*—The order of the circuit court is reversed.