THE STATE, on the relation of Conley *v.* FLINN and Others.

If a justice of the peace, in the discharge of any of his ministerial or judicial duties, act corruptly to the injury of a party, his conduct is a breach of the condition of his official bond.

ERROR to the *Lawrence* Circuit Court.

M'KINNEY, J.—This is an action of debt brought against a justice of the peace, and his sureties, on his official bond.

The plaintiff declares that *Robert Flinn* was elected a justice of the peace of *Lawrence* county, and, with the other defendants, executed, on the 19th day of *August*, 1828, a bond with the condition—that he should faithfully discharge the duties of his said office, and pay over on demand to the proper person authorised or entitled to receive the same, all moneys that should come into his hands by virtue of his office,—avers that the said *Robert Flinn* has not kept and observed the conditions of the said bond, but hath broken the same in this, that he has not faithfully discharged his duty as such justice of the peace, but that he hath acted illegally, oppressively, and corruptly, in his said office in this,—that one *John Phillips* heretofore, to wit, on the 26th day of *April*, 1830, deposited with him a note drawn by *Joel Conley* and *John Dean*, in favour of said *Phillips* for 25 dollars, payable on or before the 1st of *June*, 1830, for collection as a justice of the peace, and that the said *Robert* disregarding his obligation to wait until the 1st of *June*, 1830,

and until an action had accrued on said note, did unjustly, unfaithfully, illegally, and corruptly, issue a summons against the said *John Conley* on the 26th day of *April*, 1830, summoning him to answer said *Phillips* in a plea of debt on the note aforesaid, he well knowing said debt was not due, that said proceeding was contrary to law, and well knowing that said *Conley* was then absent from home on business that would render his return uncertain,—further avers that said *Robert*, as such justice of the peace, after issuing such summons as aforesaid, did knowingly receive from the officer who pretended to serve and execute the same, a false and illegal return, and that the said *Robert*, on the day and year aforesaid upon which he issued the summons, after knowingly receiving a false and illegal return on the same, did unfaithfully, illegally, and corruptly, give judgment against the said *Conley* in favour of said *Phillips*, for said sum of 25 dollars, together with interest from the 26th day of *April*, 1830, till paid, he the said *Robert* well knowing no such debt was due, and that it was contrary to law to give judgment on the same day the summons was issued, that there was no service either actual or constructive, and especially knowing that no interest was due from the 26th of *April*, 1830, until paid. The plaintiff further avers that the said *Robert* as such justice of the peace, after giving the said judgment, did, on the same day, illegally issue an execution upon the said judgment, which *was put into the hands* of an officer by the said *Robert*, by virtue of which unjust, illegal, and fraudulent execution, a horse belonging to said *Conley*, of the value of 100 dollars, was levied upon by the said officer in the absence of said *Conley*, and sold at public sale at a great sacrifice for 25 dollars, less than half his value;—by means whereof, &c.

The defendants demurred to this declaration; the demurrer was sustained; and judgment rendered in favour of the defendants. To reverse this judgment the writ of error is sued out.

A justice of the peace was required, Rev. Code, 1824, p. 272, to give bond in the sum of 1,000 dollars with good freehold security, for the faithful discharge of his duty, and for paying over, on demand, to the proper person authorised or entitled to receive the same, all moneys that might come into his hands. A bond executed agreeably to the statute is sued upon.

Before we advert to the statute, it may be well to inquire how far a justice would be liable for acts done by virtue of his

office? His duties are judicial as well as ministerial. For a judicial act, within his jurisdiction, though he should act illegally or erroneously, he is not liable for damages, unless he has acted from impure or corrupt motives. *Gregory* v. *Brown*, 4 Bibb, 28. Where, however, he acts corruptly, liability attaches.

In this case, the charges in the declaration are admitted to be true. They present a series of oppressive, illegal, and corrupt acts. Some of them are judicial, and others ministerial. A direct exercise of the judicial and ministerial power, with which the justice was clothed, is presented, by which, regardless of his duty, before a cause of action had accrued, he issues a summons, receives a false return of service, renders judgment, allows interest before the debt was due, and on the day of issuing the summons, issues an execution and permits the property of an absent person to be sacrificed for less than half its value. This conduct we think must be unparalleled in the history of the state, and would, if tolerated by law, bring the judicial department into merited odium and contempt. For such acts, the justice, exclusively of the bond, would be subject to damages at the suit of the party aggrieved. These acts could only have been committed by him as a justice of the peace. In that character, and in no other, is he responsible.

Whether his sureties are responsible, must depend on the terms of the bond. They stipulate, that he shall faithfully discharge his duty and pay over all money, &c. What are the duties he is faithfully to perform? Unquestionably, all that attach to the office. It is, however, contended that the faithful discharge of duty is confined to the paying over money collected, &c. If this had been the intention of the legislature, it would have confined the condition to that particular part of his duty. The paying over the money is only introduced as an instance, and cannot be considered as a limitation of the duty to be performed, for the violation of which the sureties interpose their responsibility.

The faithful discharge of duty embraces not only the integrity of the justice, but attaches to the various duties of his office. Is palpable and gross corruption a faithful discharge of duty? It is a violation and abandonment of duty, a disregard of the trust reposed, its prostitution to the gratification of the worst passions, and the application of a power pure in itself, to the production of the greatest possible evil. To confine the

condition of the bond, to the mere payment of the money collected, would be virtually to defeat its requirement. This construction is supported by the case of *Minor et al.* v. *The Mechanics' Bank of Alexandria,* 1 Peters' Rep. 69. It was an action of debt against *Minor* and his sureties upon an official bond. By the condition of the bond, he and his sureties are bound that he shall well and truly execute the duties of cashier. It was assumed in defence, that the sureties were only bound for the honesty of *Minor.* The Court however said, "We are of a different opinion. Well and truly to execute the duties of the office, includes not only honesty, but reasonable skill and diligence. If the duties are performed negligently and unskilfully, if they are violated from want of capacity or want of care, they can never be said to be well and truly executed." It was further said, "the security for the faithful discharge of his duties, would be utterly illusory, if we were to narrow down its import to a guarantee against personal fraud only."

It is true, in this case of *Minor,* his duties were entirely ministerial. In the case before us, a part of the acts charged and admitted to be true, are ministerial, such as issuing the summons and the execution, and in these, if there was corruption, it cannot be contended that the justice has faithfully discharged the duties of his office. But we are of opinion that, for corruption in a judicial act, he and his sureties are liable on the bond. The language used is general, and it must appear an inadmissible refinement to limit the undertaking to one class of duties to the exclusion of another. The sureties are responsible for all acts of the justice, committed by virtue of his office, and for which, exclusively of the bond, he would be individually responsible (1).

We are therefore of opinion, that the Circuit Court erred in sustaining the demurrer and rendering judgment against the plaintiff.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. H. Farnham,* for the state.

*C. Dewey* and *I. Naylor,* for the defendants.

(1) See *The State ex rel. Robinson* v. *Littlefield et al., Nov.* term, 1835, post.