Vanderpool vs. State.

---

### VANDERPOOL vs. STATE.

1. COMMISSIONER OF UNITED STATES CIRCUIT COURT:     *Can not fine.*
    *False imprisonment.*

A commissioner of the circuit court of the United States has no power to fine a party as upon final trial, and if he does so and imprisons him until the fine be paid, he is guilty of false imprisonment.

Vanderpool vs. State.

APPEAL from *Marion* Circuit Court.
Hon. A. DAVIS, Special Judge.
*Attorney General*, for the State.

HARRISON, J. The appellant was indicted in the Marion circuit court for the false imprisonment of John Clark, and was convicted, and fined $100. A motion for a new trial was made, and overruled.

The only evidence in the cause was the testimony of John Clark, the person the indictment charged to have been imprisoned, a witness for the State, who testified: That he was, within twelve months of the finding of the indictment by the grand jury, arrested under a warrant issued by the defendant, who was at the time a commissioner of the United States circuit court, upon a charge of obstructing the passage of the mail; that he gave bond for his appearance before the defendant, as such commissioner, at Yellville, in Marion county, on a day named; that he appeared before him, at Yellville, on the day appointed, and that the defendant examined the charge, and declared him guilty, and fined him $10, and ordered him into custody of the marshal, who was present, until the fine and cost of the prosecution were paid; that some conversation then took place between the witness and marshal about the payment of the fine and costs, and the marshal agreed that if the witness would give a bond for the payment of the fine and costs, it would be satisfactory. Witness and the marshal walked down stairs together, and witness found sureties, whom the marshal was willing to accept, and the bond was given for the payment of the fine and costs at a future day, and witness returned home; that the marshal did not confine witness in any room, or lay his hands upon him; and that the bond had not been paid.

There can be no question as to the authority of the defendant, as a commissioner of the United States circuit court, to issue the warrant for the arrest of said Clark, and cause him to be brought before him for examination upon the charge against him, and to hold him to bail, or, in default thereof, to commit him to prison to answer the charge before the court of which he was the commissioner.

But the law did not empower him to fine him as upon final trial, and to imprison him until the fine and costs of prosecution were paid.

The imposition of the fine, and the order that he be held in custody until it and the costs were paid, were, therefore, outside and beyond his jurisdiction; and if Clark was in consequence thereof imprisoned, the defendant was guilty of a violation of the law against false imprisonment, and can claim no immunity on account of his being a judicial officer.

The law is thus stated by Judge Cooley: "Every judicial officer, whether the grade be high or low, must take care, before acting, to inform himself whether the circumstances justify his exercise of the judicial function.

A judge is not such at all times and for all purposes. When he acts he must be clothed with jurisdiction; and acting without this, he is but the individual, falsely assuming an authority he does not possess. The officer is judge in the cases in which the law has empowered him to act, and in respect to persons lawfully brought before him; but he is not judge when he assumes to decide cases of a class which the law withholds from his cognizance, as cases between persons who are not, either actually or constructively, before him for the purpose. Neither is he exercising the judicial function when, being empowered to enter one judgment, or make one order, he enters or makes one wholly

different in nature. " When he does this, he steps over the boundary of his judicial authority, and is as much out of the protection of the law, in respect to the particular act, as if he held no office at all." *Cooley on Torts, 416; Trammell v. Town of Russellville et al., ante, 105; Piper v. Pearson, 2 Gray, 120; Clark v. May, 410; Craig v. Burnett, 3 Ala., 728.*

But the evidence fails to show any imprisonment of Clark after he appeared before the defendant upon the examination of the charge against him. Though ordered into custody of the marshal, it does not appear that he was taken into custody by him, or that he was in anywise restrained of his liberty.

The verdict was, therefore, without evidence, and the motion for a new trial should have been sustained.

The judgment is reversed, and the cause remanded, with instructions to grant the defendant a new trial.