(20 Misc. Rep. 437.)

### EARL v. BREWER.

(Supreme Court, Trial Term, Lewis County. May, 1897.)

ACTION AGAINST JUSTICE—ILLEGAL ENTRY OF JUDGMENT.

Defendant, a justice of the peace, entered two judgments against plaintiff without any service of summons upon her, and without any authorized appearance by her. Plaintiff brought two suits in the supreme court to restrain the issuance of executions on these judgments, and to have them declared void, which suits she subsequently settled. *Held*, she could recover for her expenses in the supreme court actions.

Action by Isora E. Earl against Delos V. Brewer. Judgment for plaintiff.

I. A. Wormuth and Walter Ballou, for plaintiff.
James Coupe, for defendant.

HISCOCK, J. During the month of April, 1895, the defendant was a justice of the peace in and for the town of Frankfort, Herkimer county. Upon the 17th day of that month, as such justice, he issued a summons in each of two actions brought against the defendant, impleaded with others. The summons in neither action was served upon her, but upon the return day her husband, who was one of the other defendants in the action, appeared before the justice. It is disputed whether or not he claimed to appear for this plaintiff, but, whatever the truth of that dispute may be, I do not think that there is any evidence in this case from which I can find that he was authorized to appear for her, whether he did or not. Subsequently, without any service of the summons upon her, and without any authorized appearance by her, judgment was entered by the defendant in each action, upon which a transcript was filed, and execution issued to the sheriff of Herkimer county, who thereupon made levies thereun-

der upon her property. Thereafter two actions were brought by plaintiff in the supreme court against the said sheriff and the plaintiff in each of said actions to have said judgments declared void, and all proceedings thereunder restrained, etc., and a temporary injunction obtained to accompany the summons. Subsequently these actions were settled, plaintiff securing without costs substantially the relief asked, being released from any liability upon the claims involved in the justice court suits. Plaintiff now seeks to recover, as an element of damages suffered by reason of the unauthorized entry of said judgments by defendant, her expenses in said supreme court actions.

I think that she is entitled to recover therefor, and that defendant's contention that her only course by which to get rid of said judgments was by appeal therefrom is not well founded. Certainly, as against this defendant, I think she had the right to take the course which she did for the purpose of correcting his unauthorized act.

Upon this view, the only question remaining in the case is that of damages. These I am disposed to make as light as possible, for there is no question but what on the one hand the defendant acted in good faith in rendering the judgments, and that upon the other the plaintiff has secured some compensation, at least, by being released from any liability upon the claims involved in the justice court suits. Moreover, the actions and the papers therein were substantially duplicates of each other, and outside of merely clerical work did not involve any more labor than would one action. Under the circumstances, therefore, I think that an allowance to plaintiff of $50 for services in the two actions, and in addition $20 for expenses said to have been incurred in serving the papers, will be sufficient. Findings may be prepared in accordance with these views and awarding plaintiff judgment as above stated, with costs.

Ordered accordingly.