## I. M. Van Horn et al. v. The People, etc., for the use, etc.

1. POLICE MAGISTRATES—*Not Liable to an Action on His Bond for Committing a Party in Default of the Payment of a Fine for Contempt.*—No cause of action exists against a police magistrate upon his official bond in the name of the people for the use of a person rightfully fined for a contempt of such magistrate's court and who, upon his refusal to pay his fine, is committed to the calaboose.

Debt, upon the official bond of a police magistrate. Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1900. Reversed with a finding of facts. Opinion filed December 7, 1900.

H. W. MASTERS and WILLIAM A. BABCOCK, attorneys for appellants.

WORLEY & KEEFER and T. C. ROBINSON, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $25 rendered against

appellants in a suit upon the official bond of I. M. Van Horn, as police magistrate of the village of Ipava.

The evidence shows that the usee of the suit, G. W. Bird, was arrested and brought before Van Horn, charged with violating a village ordinance. Bird told Van Horn that he did not consider him honest, and applied for a change of venue. While Van Horn was preparing an affidavit for a change of venue, Bird left the office. When Van Horn had finished writing the affidavit, he stepped to the door and called to Bird, who was in the street near by, to return. Bird refused to return, told Van Horn to go to hell and used other language of a disrespectful character. Bird denied using the language imputed to him, but we are satisfied, after a consideration of all the evidence, that he did use it. Van Horn fined him five dollars for contempt of court, and because of Bird's refusal to pay it, he was confined in the village calaboose about an hour. The fine was then paid by a third party and Bird was discharged. This suit on Van Horn's bond followed, resulting in the judgment appealed from.

The language of Bird at the time he applied for a change of venue and afterward, when requested to return to Van Horn's office, was disrespectful and insolent. He was in contempt of court and deserved to be fined. The judgment will be reversed, and, as no just ground of action appears from the facts, the cause will be remanded.

**Finding of Facts,** to be incorporated in the judgment: We find that the usee, G. W. Bird, was guilty of contempt of court when lawfully brought before appellant, I. M. Van Horn, an acting police magistrate; that he was rightfully fined for such contempt; that he refused to pay the fine; that because of such refusal, he was rightfully held in custody, and that no cause of action exists against appellants in the name of the People of the State of Illinois for the use of G. W. Bird.