CASE 5—ACTION BY W. R. STEPHENS AGAINST CHARLES WILSON AND
OTHERS TO RECOVER DAMAGES FOR FALSE IMPRISONMENT.—
MARCH 4.

# Stephens v. Wilson and Others.

<table>
<tr><td>115</td><td>27</td></tr>
<tr><td>136</td><td>807</td></tr>
</table>

APPEAL FROM BATH CIRCUIT COURT.

PETITION DISMISSED AND PLAINTIFF APPEALS.   REVERSED.

FISCAL COURT—MEMBERS THEREOF—QUORUM—COMPELLING ATTEND-
ANCE BY ARREST—JURISDICTION TO ISSUE WARRANT FOR AB-
SENTEES—LIABILITY—SHERIFF AND DEPUTY—VOID WARRANT—
PLEADING.

Held:   1. An answer which merely groups the allegations of the pe-
tition together and denies them as a whole, is in conflict with
that provision of the Civil Code requiring that each material
allegation which it is proposed to controvert, shall be specifi-
cally denied.

2. General Statutes, chap. 28, Art. 17, providing for enforcing the
attendance of the justices of the peace by attachment on ses-
sions of the court of claims of which they are members, has no
application to the fiscal court which is created by a different
statute; though the powers of the fiscal court are largely the
same as those of the court of claims which it superseded.

3. Where a fiscal court is composed of five justices and the county
judge, three of the justices do not constitute a quorum, and
where three justices attempted to enforce the attendance of
another justice by issuing a warrant for his arrest, there being
no statute authorizing such action on their part, they acted
without jurisdiction and were liable in an action for damages.

4. As the three justices essaying to act as a fiscal court were with-
out authority to issue the process under which appellant was
arrested, it was void and all the justices acting as the court
are responsible for its issuance.

5. As the deputy sheriff to whose hands the void process came, knew
from the face of the writ that the court issuing it had no juris-
diction, it affords him no protection, as he is also liable.

6. The sheriff is also liable under the allegation that he advised,
requested, and caused the illegal arrest of appellant, and also
because, as principal, he is liable for the acts of his deputy
done under color of his office.

Stephens v. Wilson and Others.

ALEX. CONNER and C. W. GOODPASTURE, ATTORNEYS FOR APPEL-
LANT.

This action was brought by W. R. Stephens against Wilson,
Bascom and Atchison, for unlawfully and by force and against
his will, arresting and imprisoning him and detaining him in
custody for more than five hours.

The facts alleged are, that on November 26, 1901, Charles
Wilson, Butler Toy and Thomas R. Hill, three of the five jus-
tices of the peace of Bath county, by an order entered on the
order book of Bath county court attempted to call a special term
of the fiscal court of said county to be held December 3d, for
the alleged purpose of electing a county treasurer. On the
day fixed the three justices met; the other two justices and the
county judge knowing that said order was void did not attend;
thereupon the three justices entered an order directing the clerk
of the Bath county court to issue attachments against Stephens
and Clark, the two absent justices, returnable December 4th.
Thereupon, the clerk issued the attachments, placing them in the
hands of the sheriff, Atchison, who gave the one against Steph-
ens to his deputy, Bascom, with the direction that he execute
it immediately. Bascom at once went to the town of Salt Lick,
nine miles from the county seat, and against appellant's con-
sent, arrested him and held him in his custody until released
under proceedings of *habeas corpus.*

The sheriff, Atchison, and his deputy, Bascom, seek to shelter
under the plea that they were acting in their official capacity,
and Wilson also endeavored to avoid liability by pleading that he
was acting in his official capacity of justice of the peace in the
premises.

Demurrers were filed to these pleas which were overruled by
the court, to which appellant excepted, and failing to plead fur-
ther, his action was dismissed by the court, and he appeals.

Our contention is, that the whole proceeding by these three
justices was and is void, that the warrant of arrest was void,
that the justices had no jurisdiction to call the court or to do any
official act as a fiscal court, and the writ being void, and shown
to be so on its face, is no protection to the sheriff or his deputy
in making the arrest, and that appellant has a cause of action
against all persons connected with the imprisonment complained
of.

### AUTHORITIES CITED.

Com. for Brown, &c. v. Daugherty, 24 R., 350; Am. & Eng.
Ency. of Law, 1st ed., vol. 7, p. 668; Revill, Stribling, Foster &
Martin v. Pettit, 3 Metc., 314.

Stephens v. Wilson and Others.

REUBEN GUDGILL & SON, FOR APPELLEES.

SYNOPSIS OF PROPOSITIONS SUBMITTED AND AUTHOR-
ITIES CITED.

1. Every material allegation of the appellees' answer not
having been traversed but admitted by the appellant demurrers,
are taken as true. Civil Code, section 126.

2. The appellees, Wilson and Atchison, are not in any manner
connected with their co-defendant, Bascom, as to make them
or either of them jointly liable to an action for false impris-
onment.

3. That appellee, Bascom, as an officer, in the execution of the
order of attachment was not required to look beyond the face of
the writ. Am. & Eng. Ency, of Law, vol 12, pp. 763 to 769,
2d ed.; 4 B. Mon., 231 to 235; Rodman v. Harcourt, 81 Ky.,
673, or 5 R., 708; Pepper v. Mages, 3 B. Mon., 80; Banta, etc.
v. Kendall, 12 B. Mon., 338; Clay v. Saunders.

4. The three justices had the power delegated to them, of
convening the fiscal court for filling the vacancy in the office
of treasurer, and to compel the attendance of the recusant
members of the court. Kentucky Statutes, sec. 929, pp. 456-7;
General Statutes, Bullitt and Feland edition, pp. 386 and 387.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

This action was instituted in the Bath circuit court by the
appellant, W. R. Stephens, to recover damages of the appel-
lees, Charles Wilson, J. M. Atchison, and S. C. Bascom, Jr.,
for false imprisonment. The petition states that: "On the
4th day of December, 1901, the defendants Charles Wilson
and J. M. Atchison, in Bath county, Kentucky, wrongfully,
and without authority of law, and against his will and con-
sent, advised, requested, and caused their codefendant, S. C.
Bascom, Jr., to assault and forcibly arrest and take into
custody and imprison the plaintiff [appellant], W. R. Ste-
phens, and that said S. C. Bascom, Jr., did on said day, in
the town of Salt Lick, Bath county, Kentucky, against ap-
pellant's will and consent, wrongfully, and without author-
ity of law, assault and forcibly arrest and take the plain-
tiff [appellant] into his custody, and imprisoned him, and

forcibly and against his will and consent took him from the
town of Salt Lick to the town of Owingsville, Bath county,
Kentucky, a distance of some nine miles, and there detained
and kept him in his custody, and imprisoned him for the
period of about five hours, until appellant was finally re-
leased from imprisonment upon a writ of *habeas corpus.*"
For this injury, appellant prayed judgment against the de-
fendants in the sum of $5,000. A general demurrer to the
petition having been overruled, appellees Charles Wilson and
J. M. Atchison filed a joint answer, intended to be a tra-
verse, but which, we think, is in conflict with that provision
of the Code requiring that each material allegation which it
is proposed to controvert shall be specifically denied. The
answer merely groups the allegations of the petition to-
gether, and denies them as a whole. S. C. Bascom, Jr., filed
a separate answer, the first paragraph of which is practical-
ly a counterpart of the answer of his codefendants, Wil-
son and Atchison, and bad for the same reason. The sec-
ond paragraph undertakes to justify the arrest of appellant
by stating, in substance, that he was the deputy sheriff of
Bath county, and there came to his hands, as such officer,
a warrant of arrest for the plaintiff (appellant), W. R.
Stephens, issued by the clerk of the Bath county fiscal court,
dated December 3, 1901, directed to the sheriff of Bath
county, and commanding him to arrest appellant, and have
him at the courthouse in Owingsville, Ky., at 10 a. m., De-
cember 4, 1901, to attend a session of the Bath fiscal court
(appellant being a member of the court,) as well as answer
for contempt in not obeying the summons served upon him
to attend the session held on the 3d day of December, 1901;
that under this warrant he arrested appellant, who refused
to give bail, requesting to be put in jail, which was not
done, he being afterwards released on a writ of *habeas*

*corpus;* that all of the facts done by appellee under this warrant were done by him in good faith, and in his official capacity as deputy sheriff. A demurrer to this paragraph having been overruled, appellant excepted. Afterwards the appellees Wilson and Atchison filed an amended answer, in which they state, in substance, there being a vacancy in the office of county treasurer for Bath county, appellee Charles Wilson and two other justices of the peace of Bath county requested the county judge, John A. Daugherty, to call a special session of the fiscal court to fill it. This being refused, Charles Wilson and the two other justices of the peace, who constituted three of the five justices holding office in Bath county, met, elected one of their number chairman, served notice on appellant, who was also a justice of the peace of Bath county, requiring him to attend the meeting thus instituted. Appellant having failed to do so, these three caused the clerk of the county court to issue a warrant of arrest against appellant, directed to the sheriff of Bath county, requiring that officer to arrest and bring him before the court on the 4th day of December, 1901, in order to make a quorum of the fiscal court of Bath county. This warrant of arrest thus issued came to the hands of S. C. Bascom, Jr., deputy sheriff for appellee J. M. Atchison, the sheriff of Bath county. In pursuance of the warrant, the officer took appellant into his custody, and brought him to Owingsville, where he was released on a writ of *habeas corpus.* Appellant's demurrers to the second paragraphs of the answers having been overruled, he declined to plead further, whereupon the court dismissed his petition, and he has prayed an appeal to this court.

Appellees contend that this case should be affirmed, because the first paragraphs of the answers traverse the material allegations of the petition, and therefore it was in-

cumbent upon appellant, who was the plaintiff below, to introduce evidence in support of its allegations; that, he having failed to do so, the judgment of dismissal should be affirmed. This contention may be disposed of by repeating what we have already said—that the first paragraphs of the answers are bad, for the reasons stated, and made no issue between appellees and appellant. Moreover, the court rendered judgment on the pleadings, and, if appellees' contention that there were issues of fact raised by the first paragraphs of the answers, be sound, no opportunity was afforded appellant to introduce his evidence in support of his petition; the court evidently believing that the merits of the case turned upon the facts alleged in the second paragraphs of the answers, and that these constituted a valid defense to appellant's cause of action. The pleadings show there are five justices of the peace of Bath county. These, together with the county judge, constitute the fiscal court. The following sections of the Kentucky Statutes are material to the solution of the questions before us:

"Sec. 1833. Each county in the Commonwealth of Kentucky shall have a fiscal court, which shall consist of the judge of the county court and the justices of the peace of said county, and their successors in office, in which court the judge of the county court shall preside, if present. If said judge is not present, and can not preside, then a majority of the justices of the peace shall elect one of their number to preside; said justice so elected to act as judge of said court during the absence or inability of the county judge to preside. . . .

"Sec. 1834. Unless otherwise provided by law, the corporate powers of the several counties of this State shall be exercised by the fiscal courts thereof respectively."

"Sec. 1836. The county judge shall be the presiding judge

of the fiscal court, preserve order, and may fine and imprison for contempt of court, the same as when presiding as judge of the county court; and in the absence of the county judge, or when he can not preside, the justice elected in his stead while sitting shall have the same powers as the judge of the county court when presiding as a member of the fiscal court.

"Sec. 1837. Not less than a majority of the members of the fiscal court shall constitute a quorum for the transaction of business, and no proposition shall be adopted, unless by a concurrence of at least a majority of the court present.

"Sec. 1838. The fiscal court shall be a court of record, and shall hold two regular terms in each year, commencing on the first Tuesday of April and October, and continue until the business of the court is disposed of. But the county court of any county may, by an order of record, fix a different date for the commencement of said terms: provided that one of said terms shall be held in October. The county judge shall have the power to call a special term of said court for the transaction of any business of which the court has jurisdiction. Whenever the necessity exists for a special session, and when the county judge is unable to act, the special session may be called by a majority of the court."

This court, in the case of Bath County, by, etc., v. Daugherty, Com'r, etc., 113 Ky., 518, 24 R., 350, 68 S. W., 436, held that the fiscal court of Bath county consisted of six members, and that three did not constitute a quorum for the transaction of business. The case cited had under consideration the same meeting of the fiscal court of Bath county which is now under discussion, it having come up upon another question, growing out of the acts of the minority. The

legality or illegality of the issuance of the warrant of arrest for appellant, and his arrest thereunder, turns upon the powers of the three justices who essayed to hold the term of the fiscal court of Bath county. The statute creating fiscal courts nowhere authorizes them, even when properly organized, to issue warrants of arrest for absent members to enforce their attendance. It is urged, however, that appellees were authorized to issue the warrant of arrest in question under the provisions of article 17, c. 28, of the General Statutes, relating to county courts. The pertinent parts of this statute are as follows:

"Sec. 1. The county judge in each county shall hold the county court on the days prescribed by law; but at the court of claims, which shall be held once in each year, the justices of peace of the county shall be associated with him and constitute the court; a majority of whom shall constitute a quorum for the transaction of business; which shall be confined to laying the county levy, appropriating money, and transacting other financial business of the county."

"Sec. 3. The justices of the peace may be summoned by the county judge to attend at any term of the court, and as many as attend upon such summons, or at the regular court of claims, and assist in transacting business in court, shall be allowed three dollars each per day, to be paid out of the county levy. If a majority of the justices fail to attend the court of claims or any other court for which they have been summoned, the court may be adjourned from day to day until a quorum is attained; for which purpose attachments may be issued against those delinquent."

It does not require any argument to show that the provision for enforcing the attendance of the justices, by attachment, on sessions of the court of claims, has no application to the fiscal court, which is created by a different statute;

although the powers of the fiscal court are largely the same as those of the court of claims which it superseded. The court of claims could only be called in special session by the county judge, and there was no provision for this to be done by the justices in default of action, in this regard, by the county judge. We conclude, then, that the three justices who undertook to hold, or enforce the holding of, a special session of the fiscal court of Bath county, were without jurisdiction to issue the warrant for the arrest of appellant; and that the appellee Charles Wilson, who constituted a part of the minority essaying to act, is liable for the illegal issuance of the void process.

This court, in the case of Revill, Stribling, Foster & Martin v. Pettit, 3 Metc., 314, said: "The general principle which exempts judicial officers of all grades from answering in a private action for any judgment given in the due course of the administration of justice is well settled. This court has frequently decided that no action can be supported against any person acting judicially within the limit of his jurisdiction, although he should act illegally or erroneously, unless he has acted from impure or corrupt motives. There are, then, two distinct classes of cases to which this principle of judicial protection does not apply: First, where a person having a special or limited judicial authority does any act beyond the scope of his authority; and, secondly, where, although acting within the limit of his jurisdiction, he is actuated by malicious or corrupt motives. In either case the judge or magistrate renders himself liable as a trespasser to the party injured." Again, the court, in the case cited, said: "If, as said in the case of Cable v. Cooper, 15 Johns., 157, 'every tribunal proceeding under special and limited powers decides at its peril,' it must necessarily follow that any person aiding, advising, or procuring the tribunal to

transcend its jurisdiction and exercise powers not conferred by law acts also at his peril. The privileges of a judicial officer, do not exempt him from liability for any injurious act done beyond the limit of his authority." It is claimed for appellee, S. C. Bascom, Jr., that, although the warrant of arrest may have been issued without authority, it protects him, inasmuch as it was apparently valid, and he acted in good faith in its execution. This contention can not be upheld. An officer is only protected by process apparently valid when it is issued from a court having jurisdiction to issue it. Where the court issuing the invalid process is without jurisdiction of the cause, then the process affords the officer who executes it no protection, no matter with what good faith he may act in the premises. In the case of the State v. Shacklett, 37 Mo., 280, the rule is laid down thus: "Now, where the court has no jurisdiction of the cause, there the officer is not obliged to obey; and, if he does, it is at his peril, though he do it by virtue of an execution or other process directed to him, a void authority being the same as none at all. And a sheriff is bound to inquire into the authority of a court that issues a writ, and he is liable for its execution, when it is issued by a court having no jurisdiction. [Citing Brown v. Henderson, 1 Mo., 134; Case of the Marshalsea, 10 Coke, 68b; Brown v. Compton, 8 T. R., 424; Mayor v. Morgan, 7 Mart. (N. S.) 2, 18 Am. Dec., 232; 8 Bac. Abr., 691.] The officer is bound to know the law, and, if he executes process which is void, emanating from a court or officer having no jurisdiction, he acts at his peril, and will not be protected." In Cooley on Torts (page 172) it is said: "Excepting the cases already named, and a few more, which will be referred to further on, whoever would justify an arrest must have legal process duly emanating from some judicial authority. This pro-

cess must be pleaded, and it must have certain requisites in order to render it available as a defense. Speaking generally, these requisites are the following: It must have been issued by a court or officer having authority of law to issue such process, and there must be nothing on the face of the process apprising the officer to whom it is delivered for service that in the particular cause there was no authority for issuing it. When the process will bear this test, the officer is protected in obeying its commands." In the case of Kilbourn v. Thompson, 103 U. S., 168, 26 L. Ed., 377, the plaintiff had been imprisoned by the sergeant at arms of the House of Representatives at Washington, under a warrant issued by the Speaker of the House. It being shown, however, that the warrant was wrongfully issued, in excess of the jurisdiction of the House, the sergeant at arms was held liable for false imprisonment. In the American & English Encyclopedia of Law (2d Edition), vol. 12, title "False Imprisonment," pages 762-3, it is said: "If an officer executes a warrant of arrest, invalid on its face, he is liable in damages for false imprisonment. Where, therefore, it appears on the face of the process that the magistrate issuing it has not jurisdiction of the person of the plaintiff or the subject-matter of the suit, the officer executing it is a trespasser, and is liable in action for damage for false imprisonment. It has been said, indeed, that an officer is bound, or will be presumed, to know the jurisdiction of the court, whose officer he is, and that, if he acts in obedience to a precept which the court has no jurisdiction to issue, he will not be protected in false imprisonment. (See. also, the authority cited in the notes in support of the foregoing text.)" In the case of Savacool v. Boughton, (N. Y.) 21 Am. Dec., 181, in which the authorities are exhaustively reviewed, the court adduced the following rule:

Stephens v. Wilson and Others.

"Where an inferior court has not jurisdiction of the subject-matter, or, having it, has not jurisdiction of the person of the defendant, all its proceedings are absolutely void. Neither the members of the court nor the plaintiff (if he procured or assented to the proceedings) can derive any protection from them, when prosecuted by a party aggrieved thereby. If a mere ministerial officer executes any process, upon the face of which it appears that the court which issued it had not jurisdiction of the subject-matter, or of the person against whom it is directed, such process will afford him no protection for acts done under it." As the three justices essaying to act as a fiscal court of Bath county were without authority to issue the process under which appellant was arrested, it was void, and all the justices acting as the court are responsible for its issuance. As the officer to whose hands the void process came was bound to know, and did know, from the face of the writ; in this instance, that the court issuing it lacked jurisdiction, it affords him no protection, and he is also liable. Appellee J. M. Atchison is liable under the allegation that he advised, requested and caused the illegal arrest of appellant (Revill, etc., v. Pettit, before cited), and also because, as principal, he is liable for the acts of his deputy done under color of his office.

Wherefore the case is reversed for proceedings consistent with this opinion.