JOHN McCARG, Respondent, v. JOHN W. BURR, Appellant.

FALSE IMPRISONMENT — CONVICTION FOR MISDEMEANOR BY A JUSTICE OF THE PEACE PROCEEDING WITHOUT JURISDICTION. Where, upon a complaint charging cruelty to animals in the town of Mayfield, Fulton county, a justice of the peace of the city of Gloversville issued a warrant of arrest making it returnable before himself instead of before a justice of the town of Mayfield, as he was required to do by section 151 of the Code of Criminal Procedure, and the defendant objecting to the legality of the warrant and to the jurisdiction of the justice to try him, is subsequently, convicted, his objection having been overruled, such magistrate is properly held liable for damages in an action of false imprisonment, since in proceeding with the trial he did not commit a mere error in ruling with respect to his jurisdiction, but was proceeding wholly without jurisdiction.

McCarg v. Burr, 106 App. Div. 275, affirmed.

(Argued December 11, 1906; decided December 21, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 12, 1905, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material are stated in the opinion.

N. H. Anibal for appellant. The justice acting as a Court of Special Sessions had in the first instance exclusive jurisdiction to hear, try and determine the complaint charging that in the town of Mayfield, Fulton county, N. Y., the plaintiff had been guilty of cruelty to animals. (Code Cr.

Pro. § 56, subd. 27.)   The fact that the warrant issued by the defendant did not contain a direction that the defendant therein, this plaintiff, be brought before a justice of the peace of the town in which the offense was committed, did not deprive the defendant herein, as such justice, of the jurisdiction to hear, try and determine the charge against the plaintiff.   (*Jones* v. *Foster*, 43 App. Div. 33; *People ex rel. Lotz* v. *Norton*, 76 Hun, 7; *People* v. *McLaughlin*, 57 App. Div. 454; *People ex rel. Gun* v. *Webster*, 75 Hun, 278; *People* v. *Olmstead*, 74 Hun, 323; *People* v. *Carter*, 88 Hun, 304.) The defendant as justice had jurisdiction over said charge and in trying and determining the same acted judicially, and for any decision rendered therein he is not liable to plaintiff. (*Austin* v. *Vrooman*, 128 N. Y. 229; *Handshew* v. *Arthur*, 9 App. Div. 175; *Marks* v. *Townsend*, 97 N. Y. 590; *Nowak* v. *Waller*, 31 N. Y. S. R. 458, 459; 132 N. Y. 590; *Lange* v. *Benedict*, 73 N. Y. 12; *Ayers* v. *Russell*, 50 Hun, 282; *Gilbert* v. *Satterlee*, 101 App. Div. 313; *Rush* v. *Buckley*, 61 Atl. Rep. 774; *Brooks* v. *Mangan*, 49 N. W. Rep. 633; *Robertson* v. *Parker*, 75 N. W. Rep. 423.)

*Eugene D. Scribner* for respondent.   The warrant was illegal and void.   (Code Crim. Pro. § 151.)   The arrest of the defendant therein named under said warrant, the same being a void process, was illegal and conferred no jurisdiction whatever upon the defendant herein.   (Code Cr. Pro. §§ 151, 164, 166.)   Courts acting beyond or without jurisdiction will not be protected and are liable to the party injured in an action for damages.   (Cooley on Torts, 416; *Bigelow* v. *Stearns*, 19 Johns. 39; *Reynolds* v. *Orvis*, 7 Cow. 69; *Blythe* v. *Tompkins*, 2 Abb. Pr. 468; *McKelvey* v. *Marsh*, 63 App. Div. 369.)

Gray, J.   The action was brought to recover damages for false imprisonment.   The defendant was a justice of the peace of the city of Gloversville and, as such, had issued a warrant for the arrest of the plaintiff upon a complaint of

cruelty to animals, in violation of section 655 of the Penal Code. The depositions, upon which this warrant was issued, showed that the offense had been committed "within the limits of the town of Mayfield, in the County of Fulton;" a town not a portion of, nor adjoining, the city of Gloversville. The warrant directed the plaintiff to be brought before the defendant and the plaintiff, having been arrested and when arraigned before the defendant for trial, objected to the proceedings and moved for his discharge from arrest, upon the grounds, among others, that the alleged offense was committed in the town of Mayfield; that the warrant was illegal and void and that the court had no jurisdiction to try him. His objections were overruled and the trial proceeded before the defendant, with the result that, having been found guilty, he was sentenced to pay a certain fine and to be imprisoned in default of the payment thereof. The judgment of conviction was, subsequently, reversed upon appeal to the County Court and, thereafter, the present action was brought; in which the plaintiff has succeeded in recovering, and in thus far upholding, a judgment against the defendant.

This appeal presents the one question for our review, whether the defendant, by the issuance of this warrant of arrest, acquired jurisdiction over the plaintiff. If there was authority for it, I think that the defendant, in determining to proceed with the cause, acted judicially and that any error in that respect would not subject him to a civil action.

By the charter of the city of Gloversville, justices of the peace were vested with the same powers, duties and jurisdiction as if the city were a town in the county; but it was provided "that they shall have no jurisdiction in any criminal action or proceeding or special proceeding of a criminal nature, other than a bastardy proceeding, * * * within said city, except as otherwise provided herein in the case of the absence or inability or disability of the recorder." (L. 1899, ch. 275, sec. 35.) Section 56 of the Code of Criminal Procedure, by subdivision 27, provides that Courts of Special Sessions, except in the city and county of New York and the city of Albany,

have exclusive jurisdiction to hear and determine charges of misdemeanors for cruelty to animals and children. Section 151 of the Code of Criminal Procedure prescribes the form of the warrant of arrest, which a magistrate must issue, when satisfied that a crime has been committed, and provides that " the warrant must direct that the defendant be brought before the magistrate issuing the warrant, or, *if the offense was committed in another town, and is one of which a court of Special Sessions has jurisdiction to try, or which a magistrate has jurisdiction to hear and determine, he must direct that the defendant be brought before a magistrate of the town in which the offense was committed.*"

The source of the defendant's authority was in this statute and that only authorized him, in issuing the warrant to arrest the alleged offender, to direct him to be arraigned before a magistrate of the town of Mayfield. The Court of Special Sessions, over which the defendant presided, was a court of limited jurisdiction; whose powers were prescribed by the statute. The charter of the city gave no jurisdiction in criminal cases, except in the event of the absence or inability of the recorder of the city, and section 151, above cited, expressly deprived the magistrate, issuing the warrant, of jurisdiction to arraign, or try, the offender. The defendant, therefore, in proceeding under the provisions of section 151 to issue the warrant, was restricted to the performance of a mere ministerial act. He was not called upon to exercise any judgment upon the matter, after issuing the warrant. Having no authority to direct that the plaintiff be brought before him, the warrant was invalid and void, and the defendant acted, subsequently, without jurisdiction. He, thereby, rendered himself liable as a trespasser upon the plaintiff's rights. (*Bigelow* v. *Stearns*, 19 Johnson, 39 ; *Reynolds* v. *Orvis*, 7 Cowen, 269.) It behooved him, in taking cognizance of the offense complained of, to look into the provisions of the statute and, had he done so, his lack of jurisdiction would have been apparent.

The objection of the plaintiff to the jurisdiction of the magistrate was, always, available to him and he was entitled,

at any time, to insist that he could not be held under the warrant, nor tried for the alleged offense.

In determining to proceed with the trial of the plaintiff, the defendant was not committing a mere error in ruling with respect to the extent of his jurisdiction, in which case he would have been acting judicially and would have come under no liability; but he was proceeding without ever having acquired jurisdiction to try the plaintiff. The statute had conferred jurisdiction, in that respect, upon a magistrate of the town where the offense had been committed.

The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, WERNER and HISCOCK, JJ., concur: CHASE, J., not sitting.

Judgment affirmed.