(75 Misc. Rep. 230.)

STARRETT v. CONNELLY.

(Supreme Court, Special Term, Kings County. January 10, 1912.)

1. CRIMINAL LAW (§ 88*)—JURISDICTION—MAGISTRATE'S COURT.

Laws 1910, c. 659, § 31, gives the Court of Special Sessions for New York state exclusive jurisdiction of all charges of misdemeanor, except libel, but divests it of authority to proceed with the hearing and determination if, before he is held to await trial in the court of special sessions, the person charged with a violation of any law for the prevention of cruelty to animals in any city Magistrate's Court shall plead guilty. Plaintiff was arrested under a warrant issued by a city magistrate, and brought before the magistrate upon a charge of cruelty to animals, and pleaded "not guilty," and the examination was adjourned until September 13th, when the magistrate tried the issue raised, and found the plaintiff guilty, and sentenced him. *Held*, that the magistrate had no jurisdiction to try a defendant charged with a misdemeanor who had pleaded "not guilty"; his powers being restricted to conduct an examination.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 127; Dec. Dig. § 88.*]

2. FALSE IMPRISONMENT (§ 8*)—DEFENSES—ACTS OF JUDICIAL OFFICERS—WANT OF JURISDICTION.

Inferior courts or judicial officers who, in trying and imprisoning accused, acted without jurisdiction, are liable for false imprisonment, not being entitled to protection as judicial officers.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 68-73; Dec. Dig. § 8.*]

Action by Howard S. Starrett against Maurice E. Connelly. On defendant's motion for judgment on the pleadings. Motion denied.

J. Edward Murphy, for the motion.
Rasquin & Rasquin (Rolland R. Rasquin, of counsel), opposed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

STAPLETON, J. This is a motion by defendant for judgment on the pleadings. The pleadings presented for examination are a complaint and a demurrer. The demurrer is interposed on the ground that the facts stated in the complaint do not constitute a cause of action.

The action is for damages for false imprisonment. The defendant was, at the times mentioned in the complaint, a city magistrate of the city of New York. The plaintiff was charged before the magistrate with a violation of section 185 of the Penal Law (Consol. Laws 1909, c. 40). This is a law designed for the prevention of cruelty to animals, and a violation of its provisions is declared a misdemeanor.

It appears from the complaint that on the 10th day of September, 1910, the plaintiff was arrested by virtue of a warrant issued by the defendant as a city magistrate, and that on that day he was brought before the magistrate upon the charge of having committed that crime; that he pleaded "not guilty"; that the examination was adjourned until the 13th day of September, 1910; that on the 13th day of September, 1910, the magistrate proceeded to try the issue thus raised, and found plaintiff guilty of the charge of violating section 185 of the Penal Law, and sentenced him to pay a fine of $100 and to be confined in the county jail for a period of 20 days; that the magistrate thereupon issued a commitment to the sheriff of the county of Queens, and that pursuant thereto the plaintiff was confined in the jail from the 13th day of September, 1910, to the 16th day of September, 1910, and that as a consequence he suffered injury and damage.

[1] By section 31 of chapter 659 of the Laws of 1910 the Court of Special Sessions for the city of New York was vested with exclusive jurisdiction to hear and determine all charges of misdemeanor committed within the city of New York, except charges of libel. The court, however, by the same section, is divested of authority to proceed with the hearing and determination of any charge of misdemeanor under certain conditions, the only one of which having any bearing upon the question presented for determination is stated in the act in the following words:

"If before he is held to await trial in the Court of Special Sessions, a person charged with a violation of the Motor Vehicle Law, first offense, or a violation of any law for the prevention of cruelty to animals, in any city magistrate's court, shall plead guilty."

The source of the defendant's authority must be found in the statutes of the state, and they will be searched in vain to find any authority giving him the right to conduct the trial of a defendant charged with a misdemeanor where a plea of "not guilty" has been interposed. His powers were restricted to conducting an examination.

In the case of McCarg v. Burr, 186 N. Y. 467, at page 471, 79 N. E. 715, at page 716, the Court of Appeals, in examining a state of facts practically similar to those under investigation here, said:

"In determining to proceed with the trial of the plaintiff, the defendant was not committing a mere error in ruling with respect to the extent of his jurisdiction, in which case he would have been acting judicially and would have come under no liability; but he was proceeding without ever having acquired jurisdiction to try the plaintiff."

The defendant contends that he brings himself within the immunity extended to the defendant in Austin v. Vrooman, 128 N. Y. 229, 235, 28 N. E. 477, 478, 14 L. R. A. 138. In that case the court said:

"In such a case as this it must be remembered that the justice had in the first instance at all events jurisdiction of the subject-matter, viz., the inquiry into alleged offenses against the provisions of this act, and the trial of alleged offenders. He also had jurisdiction of the person of the plaintiff. Full jurisdiction had thus been confided to the justice over subject-matter and person at the time when the plaintiff was arraigned before him. In the absence of a proper demand and the giving of sufficient bail, it was the duty of the justice, and his jurisdiction continued, to try the accused. This would seem to be a case where, jurisdiction having been attached, the decision of the justice to try the plaintiff was only an erroneous exercise of such jurisdiction. It is unlike the case where jurisdiction has never been conferred and the justice decides to exercise a power that he does not and never did possess."

It appears to me that the facts alleged in the complaint reveal that the case complained of in plaintiff's pleading is one where jurisdiction to try the plaintiff was never conferred and the magistrate assumed to exercise power, to plaintiff's harm, he did not and never did possess.

[2] In Cooley on Torts (2d Ed.) p. 489, the declaration, which is amply sustained by authority, is made that:

"It is universally conceded that, when inferior courts or judicial officers act without jurisdiction, the law can give them no protection whatever."

See Rutherford v. Holmes, 66 N. Y. 368; McKelvey v. Marsh, 63 App. Div. 396, 71 N. Y. Supp. 541; Warner v. Perry, 14 Hun, 337.

Motion for judgment must be denied.