STATE EX REL CLARK *v.* LIBBERT ET AL.

[No. 14,238. Filed October 6, 1931. Rehearing denied April 19, 1932. Transfer denied February 22, 1933.]

*Crawford A. Peters,* for appellant..

*McMullen & McMullen,* for appellees.

LOCKYEAR, J.—The Relator, Benjamin H. Clark, filed a complaint against the appellees, in which he alleged, that the appellee Edward J. Libbert, was Mayor of the City of Aurora, Indiana; that a part of his duties was that of acting as Judge of the city court of said City of Aurora. Relator further says that on the sixth day of August, 1928, the relator herein was arrested by the marshal of the City of Aurora upon a warrant issued out of said city court by the said Edward J. Libbert, as judge thereof, and said relator was brought before the said city court of the said city of Aurora upon the charge of public intoxication; that thereafter such proceedings were had in the said cause before the said Edward J. Libbert, as such city judge, that this relator was fined the sum of $10 and costs taxed at $30 and sentenced to the Indiana State Farm for the period of six months; that said sentence, judgment and order were so made by

the said defendant, Edward J. Libbert, as such city judge on the sixth day of August, 1928, that as a part of said judgment and sentence of said city court so entered and made by the said Edward J. Libbert, this relator's sentence of six months to the Indiana State Farm was suspended pending good behavior.

Relator further shows that after said suspended sentence had expired and after the said term of six months had expired, to-wit: on the 13th day of February, 1929, the said Edward J. Libbert as such city judge, did maliciously, spitefully, unlawfullly and vengefully issue and cause to be issued upon the said expired judgment a certain committment whereby and whereon this relator was imprisoned in the Dearborn County jail and later removed to the Indiana State Farm and there confined for the period of two months and twenty-one days, when he, the said Edward J. Libbert, then and there well knew that said judgment was void and of no effect and that he had no right or authority in law for the issuance of the said committment.

Relator further says that he complied with the judgment of the court of said Mayor Libbert after his conviction and suspension of sentence on August 5, 1928, and that said suspended sentence was never legally revoked. Relator further says that said Edward J. Libbert, as such Mayor on the 8th day of February, 1928, gave bond for the faithful performance of his duties as required by law with the defendant, the Fidelity and Deposit Company of Baltimore, Maryland, as surety on his said bond; that said bond was by the said Libbert and said surety duly executed and filed in the office of the city clerk-treasurer of the City of Aurora, Indiana, on the 8th day of February, 1928; that a true and correct copy of which said bond is filed herewith and made a part hereof and marked Exhibit "A".

Wherefore relator prays judgment against the defend-

ants for said sum of $25,000, for his costs herein and for all other proper relief.

To this complaint the appellees separately and severally demurred on the grounds that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the appellant excepted, and said ruling is assigned as error herein.

The facts in the case of *Rode* v. *Baird, Sheriff* (1925), 196 Ind. 335, 144 N. E. 415, 148 N. E. 406, are similar to the case at bar, in which the fine and costs having been paid and more than 14 months having elapsed a city court assumed to revoke its order suspending sentence of imprisonment and to enforce its original judgment of six months imprisonment by sending the appellant to the state farm for six months. The Supreme Court, by Myers, J., held that the court's jurisdiction to enforce its judgment of imprisonment expired at the end of the six months' period and its assumption of power to act after that time was without authority of law.

The appellant secured his release in that case by a writ of *habeas corpus*.

In this case the appellant took no steps to secure his release but brings this action against the judge for damages.

Section 11010 Burns 1926, Acts of 1905, page 236, provides: The judicial power of every city of the first, second, third, and fourth class shall be vested in a city court, and such city court shall be a court of record, and all judgments, decrees, orders, and proceedings shall have the same force and effect as those of the circuit court, except (no judgment shall be a lien on real estate, etc.) ; provided that in cities of the fifth class, the mayor shall exercise all powers and be required to perform all duties as the city judge insofar as the same are applicable.

Sec. 11011, insofar as this case is concerned, provides

that the city court shall also have original, concurrent jurisdiction with the criminal or circuit court in all cases of petit larceny, and all other violations of the laws of the state where the penalty provided therefor cannot exceed a fine of $500 and imprisonment in the jail or workhouse not exceeding 6 months or either or both.

While it is true with respect to special and limited jurisdiction if the judge shall exceed his powers, the whole proceeding is *coram non judice* and void, and all concerned in such void proceeding as well the judge and ministerial officers, are liable in trespass, but the question in this case is, as in all cases of this kind: Did the court have jurisdiction? And as was stated in the case of *State ex rel. Egan* v. *Wolever* (1891), 127 Ind. 306, 26 N. E. 762, 765 ,"That by 'jurisdiction of the subject-matter' was not meant simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs." Citing *Jackson* v. *Smith* (1889), 120 Ind. 520, 22 N E.. 431; *Yates* v. *Lansing* (1810), 5 Johnson (N. Y.) 282.

In the case of *Jackson* v. *Smith,* Elliot, C. J., speaking for the court, says, that, "Where the tribunal has jurisdiction of a general class of cases, every case of that class is within the subject of the tribunal's jurisdiction; for by the term 'subject' can only be meant cases of a general class."

Judge Cooley, in his excellent work on Torts, recognizes a distinction between the acts of judges of courts of inferior jurisdiction and those of general jurisdiction, but modern opinions seem to be tending in favor of making no distinction between judges of superior and inferior courts as regards their liability, and in some cases the courts have positively announced the doctrine of equal liability. See *Broom* v. *Douglass* (1912), 175 Ala.

268, 57 So. 860, 863, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155; *Rush* v. *Buckley* (1906), 100 Me. 322, 61 Atl. 774, 70 L .R. A. 464, 4 Ann. Cas. 318; *Thompson* v. *Jackson* (1895), 93 Iowa 376, 61 N. W. 1004, 27 L. R. A. 92.

There is a distinction that must be kept in mind in cases where the question to be decided by a court is whether there is any jurisdiction and in a doubtful case the judge is not to be penalized, when he decides that he has jurisdiction and on appeal the higher court may decide he has none.

The error in such a case is a judicial error, but as is said in *Broom* v. *Douglass, supra,* "But if a magistrate should of his own motion, without oath or complaint being made to him, on mere hearsay, issue a warrant and cause an arrest for an alleged larceny, it cannot be doubted that the person so illegally imprisoned could seek redress by suit against such officer." *Van Horn* v. *People* (1900), 92 Ill. App. 426; *Williamson* v. *Lacey* (1893), 86 Me. 80, 29 Atl. 943, 25 L. R. A. 506; *Robertson* v. *Parker* (1898), 99 Wis. 652, 75 N. W. 423, 67 Am. St. Rep. 889.

Acting wholly without jurisdiction, *Craig* v. *Burnett* (1858), 32 Ala. 728; *Vanderpool* v. *State* (1879), 34 Ark. 174; *Stephens* v. *Wilson* (1903), 115 Ky. 27, 72 S. W. 336; *Evertson* v. *Sutton* (1830), 5 Wend. (N. Y.) 281, 21 Am. D. 217; *Marshalsea's Case,* 10 Coke 686, 77 Reprint 1027; *Broom* v. *Douglass, supra.*

The case of *Dietrichs et al.* v. *Schaw* (1873), 43 Ind. 175, Dietrichs was a justice of the peace who issued a warrant for the arrest of Schaw to answer a charge of provoke. The writ was directed "to any constable of Marion County" but instead of delivering it to a constable he delivered it to one Charles G. Coulon, who arrested Schaw, brought him before the justice, where he was

tried and fined. Schaw then filed an action for damages for arrest, assault and imprisonment.

The court held that the delivery of the writ to a person not authorized to serve the same rendered the justice liable for the justice did not acquire jurisdiction. Charles G. Coulon was not a constable, had no authority to make the arrest.

"The justice himself was a trespasser in committing the plaintiff to prison, inasmuch as he had acquired no jurisdiction over his person."

Where there is a total lack of jurisdiction of either the person or of the subject matter, the judge's office is no protection to him, and though he exercise judicial functions, his acts are absolutely void.

There are some cases that make a distinction between lack of jurisdiction and excess of jurisdiction. The distinctions are not very clear.

For a full discussion of this branch of the subject, see *Bradley* v. *Fisher* (1871), 13 Wall (U. S.) 335, 20 L. Ed. 646.

Judges are protected for judicial acts, but not for those acts connected with their office which are purely administerial. *Stone* v. *Graves* (1843), 8 Mo. 148, 40 Am. Dec. 131; *People ex rel. Nash* v. *Faulkner* (1899), 55 Hun. 603, 8 N. Y. S. 376; *Stone* v. *City of Augusta* (1858), 46 Me. 127.

Where after an appeal had been perfected from a judgment of a fine, the justice of the peace sentenced the convicted person to hard labor for failure to pay the fine, and issued a warrant for his arrest under the statute, it was held that the justice was liable to an action because he had no jurisdiction. *Lacey* v. *Hendricks* (1910), 164 Ala. 280, 51 So. 157, 137, Am. St. Rep. 45. See *McCarg* v. *Burr* (1906), 186 N. Y. 467, 79 N. E. 715.

Justice of the peace without power to require bond for appearance of a witness committing a witness for failure

to file bond, was liable on his own bond. *Bates* v. *Kitchel* (1910), 160 Mich 402, 125 N. W. 684.

A justice entering a judgment against a defendant without service or appearance was held liable in action against him therefor. *Earl* v. *Brewer* (1897), 20 Misc. Rep. 437, 46 N. Y. Supp. 527.

A police judge issuing mittimus for commitment upon a telegram, though acting on advice of city attorney, is liable, *Glazar* v. *Hubbard* (1897), 102 Ky. 68, 42 S. W. 1114, 39 L. R. A. 210, 80 Am. St. Rep. 340.

A justice issuing a warrant of attachment without prerequisite of affidavit or bond. *Earp* v. *Stephens* (1911), 1 Ala. App. 447, 55 So. 266; *Blincoe* v. *Head* (1898), 103 Ky. 106, 44 S. W. 374; *Head* v. *Levy* (1897), 52 Neb. 456, 72 N. W. 583.

Burgess issuing a warrant for arrest for violation of an ordinance without any information as required by the Constitution and statute of the State of Pennsylvania. *Kossouf* v. *Knarr* (1903), 206 Pa. 146, 55 Atl. 854. See *DeCourcey* v. *Cox* (1892), 94 Cal. 665, 30 Pac. 95; *Maher* v. *Potter* (1908), 112 N. Y. Supp. 102; see 50 L. R. A. 92.

Sureties on official bond liable for what they do *colore officii* as in alleged in the case at bar. *Clancey* v. *Kenworthy* (1887), 74 Iowa 740, 35 N. W. 427, 7 Am. St. Rep. 508; *McLaurin* v. *McDaniel* (1900), 78 Miss. 1, 27 So. 994, 50 L. R. A. 118, 84 Am. St. Rep. 618; *Turner* v. *Sisson* (1884), 137 Mass. 191; *State ex rel. Conley* v. *Flinn* (1832), 3 Blackf. 72, 23 Am. Dec. 380.

In the case of *Cleveland* v. *Emerson* (1912), 51 Ind. App. 339, 99 N. E. 796, where a town clerk had powers of a justice of the peace, imprisoned a woman for throwing soap suds in the streets of Cynthiana, Posey County, Indiana, in violation of a town ordinance, the clerk was held liable, because a subsequent statute repealed by implication the statute that gave him authority in the pre-

mises. See *Goodell* v. *Tower* (1905), 77 Vt. 61, 58 Atl. 790, 107 Am. St. Rep. 745.

We limit this opinion to the specific facts as alleged in the complaint; the above citations are set out as throwing some light on the general subject of the liability of judges acting in cases where they have no jurisdiction.

The jurisdiction of the appellee, Libbert, Mayor of Aurora, ended at the expiration of the six months' period. During that period he had jurisdiction of subject matter and of the person of the appellant. After that period jurisdiction ended and the appellee, Libbert, had no more jurisdiction six or seven days after the six months' period expired than he would have had six or seven months or years thereafter.

Under the law as announced in the case of *Rode* v. *Baird, supra,* we hold that the complaint states a cause of action against both appellees, and the court erred in sustaining the demurrer thereto.

Judgment is reversed with instructions to overrule appellee's demurrer to appellant's complaint.

## ON PETITION FOR REHEARING.

LOCKYEAR, J.—The appellees separately and severally petition this court for a rehearing for the reasons assigned that the court erred in overruling the motion of the appellees to dismiss the appeal herein, and that the court erred in failing to rule on the omissions and inaccuracies in the appellant's brief as pointed out in appellees' brief.

Other errors are assigned, which are covered in the opinion heretofore filed and need not be considered.

The motion to dismiss was upon the grounds that the notice of the appeal, which was served upon the appellee's attorney, did not comply with Burns R. S. 1926, section 700, for the reason that the date of the service of the notice did not show upon the notices. The appellants filed

in this court a motion supported by affidavit to show that said notices were served in time and upon the proper parties and the appellants were permitted by order of this court to insert the date of service. The appellees find fault with this procedure. The proof of notice was sufficient to show that the appellees were properly notified.

The appellants' brief was sufficient for us to understand the questions raised on this appeal and was sufficient to inform the appellees of matters claimed to be erroneous, so that the appellee could and did within the proper time, file briefs which fully presented their side of the case on its merits.

We have again examined all legal questions involved and are satisfied that the opinion herein correctly states the law of this case.

Petition for rehearing is denied.